Fred. Ogle, Appellant, v. Miller & Sachse, Homer C. Miller and E. G. Sachse.

**Action against firm:** LIABILITY OF PARTNER. An action against a 1 firm only will not authorize recovery against a partner individually.

**Pleading:** AMENDMENT: NOTICE. Where an action is commenced 2 against a firm and the petition amended so as to state a cause of action against an individual partner but no notice of the amendment is served, judgment can not be rendered against such partner.

Appeal from Cherokee District Court.—HON. GEO. W. WAKEFIELD, Judge.

THURSDAY, JULY 13, 1905.

ACTION of replevin originally brought against Miller & Sachse as a firm, notice being served on E. G. Sachse as a member of said firm. Subsequently, by amendment, the members of the firm were made defendants, without further service of notice. The case was tried to the court without a jury, and at the conclusion of the evidence the court rendered judgment dismissing the action as to the defendant firm, and taxing costs to plaintiff. The court at the same time entered a further order that the cause be continued for service as to the other defendants. Plaintiff appeals.— Affirmed.

Claude M. Smith, for appellant.

J. A. Miller, for appellees.

McCLAIN, J.— The evidence as set out in the record was not such as to require an entry of judgment in plaintiff's favor as against the firm of Miller & Sachse, and therefore the judgment in favor of the firm should not be interfered with. But it is contended for plaintiff that the evidence made out a case of individual liability on the part of E. G. Sachse, a member of the said firm, and therefore that the trial court erred in not rendering judgment against him individually in favor of the plaintiff. The difficulty is that he was never served with notice of an action against him individually, and he never appeared as an individual defendant in the action. It is true that, if the individual members of the firm had been joined as defendants in the action as first brought, and notice of the action had been served on them individually, individual judgments could have been rendered against them for any liability shown as

against the firm of which they were members; but the liability proven in this case, if any, was a liability of defendant Sachse as an individual, and not as a member of the firm, and it seems too clear for argument that Sachse was under no obligation to appear and defend with reference to his liability as an individual. The cause of action pleaded as against the firm was not the same cause of action as that sought to be established against Sachse as an individual. The answer interposed for the firm by H. C. Miller, the other member, raised an issue as to the liability of the firm and the members of the firm individually on the cause of action set out as against the firm, but did not raise any issue for determination as to the liability of either as an individual under a cause of action against him. If it be claimed that the amendment set up a cause of action against Sachse as an individual, the reply is that Sachse was never notified of any such action, and never appeared in any way in the case. When plaintiff amends before answer, notice of such amendment must be served. Code section 3560. The court therefore properly refused to enter judgment against Sachse.— *Affirmed.*