CHANDLER MILLING & MANUFACTURING COMPANY, Appellant, v. JOE SINAIKO et al., Appellees.

JUDGMENT: Default—Setting Aside—Local Customs and Practices. 1 In passing upon a motion to set aside a default judgment, the court may give due consideration to the customs and practices of the local bar relative to pending actions. (See Book of Anno., Vol. 1, Sec. 11589.)

JUDGMENT: Default—Setting Aside—Unauthorized Amendment. A 2 default judgment is very properly set aside on the ground that plaintiff, after the entry of default, amended his pleadings by increasing the amount of his claim, and took judgment on such amended pleadings. (See Book of Anno., Vol. 1, Sec. 11589.)

PLEADING: Amendment——Failure to Give Notice. A plaintiff may 3 not, after the entry of default, amend his pleadings by increasing the amount of the claim, without notice to the defendant, and take judgment on the amended pleadings. (See Book of Anno., Vol. 1, Sec. 11140.)

Headnote 1: 34 C. J. p. 430.  Headnote 2: 34 C. J. p. 423.  Headnote 3: 34 C. J. p. 157.

*Appeal from Linn District Court.*—ATHERTON B. CLARK, Judge.

APRIL 6, 1926.

ACTION on account.  Judgment was entered by default,

and the court sustained the motion to set aside the default. From this ruling the plaintiff appeals.—*Affirmed.*

*C. E. Hunn* and *H. S. Hunn,* for appellant.

*D. C. Hutchison* and *Deacon, Sargent & Spangler,* for appellees.

ALBERT, J.—The appellant had a claim against the appellee for merchandise, which was placed in the hands of a Cedar Rapids attorney, and suit brought thereon in the district court

1. JUDGMENT: default: setting aside: local customs and practices.

of Linn County at the January, 1923, term of that court. On December 30, 1922, appellee filed a motion for a cost bond, which was sustained. The bond was filed in February, 1923. Nothing further was done in the case until July 8, 1924, when the court ordered that "the case be dismissed, if not tried or otherwise disposed of at the next term of this court." On the 30th of July, 1924, appellant filed a motion for default. On September 2d following, the first day of the September term of court, the court made a calendar entry of a default against the appellee. On the 5th of September, appellant appeared with witnesses, and proved its case and filed an amendment to its petition, in which it asked for $578.86 interest on the account originally sued on. On the same day, judgment entry was made accordingly. On the 27th of September, appellee filed a motion to set aside the default, to which were attached an affidavit of merit and answer. Summarized, the motion to set aside the default is bottomed on these grounds: 1. That the clerk of the district court of Linn County customarily sends a notice to the attorney, when a cost bond is filed after an order made therefor, and that in the instant case the notice was evidently lost, or not sent by the clerk. 2. That the case of appellant was originally started by a Cedar Rapids attorney, and that the proceedings on default, etc., were conducted on behalf of appellant by an attorney from Des Moines, and that appellee had no notice of the change of attorneys. 3. That no copy of the amendment was filed at the time, and no notice was given appellee or his attorney of the filing of the amendment, and he had no knowledge of the

same until after judgment had been entered thereon.  4.  That, by reason of the delay in bringing the action to trial, appellee's attorney was of the opinion and honestly believed that appellant did not intend to prosecute said action further.  This motion was submitted together with a resistance thereto, and the court sustained the motion to set aside the default.  This gives rise to the bone of contention between the parties.

The question we are confronted with is whether or not the district court, under the stated circumstances, abused its discretion in setting aside the default.  We have been much more generous on this question in cases where the court sustained the motion to set aside the default than where the motion has been denied.  In *Hueston v. Preferred Acc. Ins. Co.,* 161 Iowa 521, at 525, we have stated the rule to be that:

"A very large discretion is vested in the trial court in the matter of setting aside a default; and, unless there is manifest abuse of discretion, its action in allowing a trial on the merits will not be disturbed."

Generally speaking, it is more satisfactory to have these matters tried out on their merits.  The district court is usually familiar with the local customs and practices between its officers and attorneys and their bar, and it is familiarly known to all practitioners that these local customs exist, and differ in different districts.  So with the instant case, whatever the local practices and customs at bar, they were known to the presiding judge, and he had a right to consider them in passing on this question, and we would not be warranted in reversing the action thereon.  Further than this, it will be noted that a default was entered on the court's calendar on the 2d of September; that, on the 5th of September, when appellant appeared with witnesses, to prove up on its default, it then amended its petition by increasing the amount of the claim approximately $578, and making the claim that it was entitled to that sum as interest on the original claim.  One of the grounds of appellee's motion to set aside the judgment was that this amendment was filed after default had been entered, and no notice thereof was given to appellee or his attorney.  Section 11140 of the Code of 1924 provides that,

2. JUDGMENT: default: setting aside: unauthorized amendment.

when an amendment to a pleading is filed before an answer is

**3. PLEADING: amendment: failure to give notice.** filed, notice thereof must be given to the opposing parties. This statute is clear and concise, and needs no interpretation. Appellant, however, relies on *McDonald v. Donaghue*, 30 Iowa 568. A cursory reading of the case shows that it has no application to the case at bar. In that case, after default, plaintiff filed amendment to his petition, naming other parties defendant, and asked relief as against the new parties thus made defendant. The relief thus asked in no way affected the original parties against whom default had been entered.

It is conceded that no notice whatever was served on appellee of the filing of this amendment. We feel that it is opening too wide a door to hold that a plaintiff, on taking judgment by default, may, without notice, amend his pleading by increasing the demand therein specified, and then take judgment on the amended pleading. We are satisfied from a review of the record that the court did not abuse its discretion in setting aside this default.—*Affirmed.*

DE GRAFF, C. J., and EVANS and VERMILION, JJ., concur.