FLOYD DE WITT, Petitioner, v. DISTRICT COURT OF LINN COUNTY et al., Respondents.

JUNE 26, 1928.

*R. S. Milner* and *R. B. Hickenlooper,* for petitioner.

*Walter J. Barngrover,* County Attorney, for respondents.

ALBERT, J.—On the 13th day of March, 1925, there was served upon the petitioner, Floyd DeWitt, an original notice of an application for an injunction, on the grounds that a certain building at 1826 H Street West, Cedar Rapids, Linn County,

Iowa, together with the furniture and fixtures therein, "constitute a nuisance, by reason of the fact that the same are kept and maintained by you as a place for the manufacture, sale, dispensing, and keeping for sale of intoxicating liquor." Said petition asked for the abatement of the nuisance and for an injunction restraining the petitioner from maintaining or continuing said nuisance on said premises or at any other place in the state of Iowa, and for general equitable relief, notifying the petitioner to appear before noon of the second day of the June term of said court, commencing on the 1st day of June, 1925.

On March 14, 1925, a petition was filed in the district court of Linn County, in pursuance of said notice, stating that the suit was instituted by one W. C. Benesh, for the enjoining and abating of a nuisance. The usual allegations in such matters were therein contained, describing the premises as set out in the original notice, alleging that DeWitt was the owner of the building and premises, and praying for an injunction against him from conducting, continuing, or maintaining said nuisance, declaring said building and premises to be a nuisance, and for equitable relief.

DeWitt did not respond to said notice, neither did he appear, either by himself or counsel, and file pleading or response to the petition of plaintiff. In other words, he was in default after noon of the second day of said June term of said court, although no default was entered of record against him.

On October 18, 1925, an amendment was filed to this petition in equity, by striking from the caption and body of the petition any and all reference to said real estate, by striking from such original petition each and all of the paragraphs therein contained, together with the prayer, and substituting in place thereof the following:

"Paragraph 1. That this suit is instituted and prosecuted in the name of the state of Iowa for the enjoining and the restraining of the said defendant, Floyd DeWitt, from committing the act of bootlegging.

"2. That the defendant, Floyd DeWitt, has been manufacturing, dispensing, and trafficking in and keeping for sale, or with intent to sell or dispense, intoxicating liquors in violation of law, same being done in Linn County, Iowa.

"Wherefore, plaintiff prays that said defendant, Floyd

DeWitt, be permanently and perpetually enjoined and restrained directly or indirectly from manufacturing, selling, or dispensing of or soliciting for the sale of intoxicating liquors in violation of law, or from keeping for sale, or with intent to sell or dispense, intoxicating liquors in violation of law in any place in the state of Iowa, and for such other and further relief as may be deemed equitable.''

Thereafter, on November 3, 1925, a default was entered against the defendant, DeWitt, for want of answer and appearance, and decree was entered on the same day, the material part of which is as follows:

''That the defendant be, and he is hereby, permanently and perpetually enjoined, by himself, agents, servants, and employees, from in any manner, for himself or others, keeping and carrying around on his person or in a vehicle, or leaving in a place for another to secure, intoxicating liquors, with intent to sell or dispose of same, by gift or otherwise, and by directly or indirectly soliciting, taking, and accepting orders for the purchase, sale, shipment, or delivery of intoxicating liquors, and by aiding in the delivery and distribution of intoxicating liquors so ordered or shipped, and by procuring for and selling or giving intoxicating liquor to minors, and by procuring for and selling and giving the same to intoxicated persons and persons in the habit of becoming intoxicated, and from doing or continuing to do any of the acts prohibited by Title VI of the 1924 Code of Iowa and amendments thereto, within Linn County or any other county in the state of Iowa.''

On October 28, 1927, an information charging contempt of this injunction was filed in the district court of Linn County, Iowa, against the petitioner, DeWitt, and bench warrant issued. He pleaded not guilty, and a trial was had, at the conclusion of which the district court found the defendant guilty of contempt, sentenced him to pay a fine of $300, and in default thereof to be confined in the county jail for the statutory period, and also for three months in addition thereto.

The purpose of this certiorari is to review these proceedings, and to determine whether or not the same were had without jurisdiction, or the court otherwise acted illegally.

There is but one question raised in this proceeding, and that

is the validity of the decree entered on November 4, 1925, by the district court of Linn County. The petitioner asserts that the same is void and of no effect, because of the withdrawal from the original petition in equity of all allegations therein, and the substitution of another cause of action by way of amendment, without notice to DeWitt. Or, to state it in another way, the petitioner claims that the district court exceeded its jurisdiction or acted illegally in the original proceedings because the decree therein entered was entered upon a cause of action stated in the amendment to the petition, which amendment was filed without notice thereof to DeWitt.

It will be noticed, from what has heretofore been said, that the original petition in equity for an injunction was bottomed on the charge that certain property alleged to have been owned by DeWitt (with a description thereof) was being maintained by DeWitt as a liquor nuisance, under Section 2017, Code of 1924, whereas the pleading designated as an amendment,— which, in effect, amounts to a substituted petition,—was bottomed wholly on the bootlegging statute, Section 1927, Code of 1924, and the decree was entered under and in accordance with the allegations and prayer of the amended petition.

It is conceded that DeWitt never at any time, either in person or by counsel, or by pleading, appeared to either the original petition or the amended petition, and decree was entered against him by default.

When a petition in equity is filed under Section 2017, Code of 1924, generally speaking, the primary purpose is to enjoin the defendant from maintaining a nuisance, and to declare the property to be a nuisance; whereas Section 1927, Code of 1924, defines and provides for the punishment of a bootlegger. But under this latter statute, an injunction may also issue. It is true that, under both statutes, a permanent injunction may enjoin the defendant from selling intoxicating liquor at any place within the state of Iowa, yet the two statutes are separate and distinct, and the allegations necessary to make a good petition under Section 1927 are not necessarily included in a petition under Section 2017, although there might be sufficient allegations for any petition under Section 1927. But that is not true in the case before us.

We have, then, the vital question in the case, to wit: when

the prosecuting attorney sought to change his cause of action from one under Section 2017 to one under Section 1927, had he the right to so do without serving notice on DeWitt?

Section 11140, Code of 1924, reads as follows:

"The plaintiff, without prejudice to the proceedings already had, may amend his petition, without leave, at any time before the answer is filed, notice thereof being given the defendant or his attorney, and the defendant shall have the same time to plead thereto as he had to the original petition."

In the case of *Ogle v. Miller & Sachse*, 128 Iowa 474, we were called upon to apply this statute. In that case an action was brought against Miller & Sachse, as a partnership. Later, by amendment, the members of the firm were made defendants, without service of notice. We there said:

"If it be claimed that the amendment set up a cause of action against Sachse as an individual, the reply is that Sachse was never notified of any such action, and never appeared in any way in the case. When plaintiff amends before answer, notice of such amendment must be served." Section 3560, Code of 1897.

In 31 Cyc. 390, Paragraph B, it is said:

"If an amendment presents a new cause of action against the same or other defendants, and no notice thereof is given, a judgment based on the matter contained in the amendment is void."

This is, in effect, the holding of the Iowa case above cited, and this doctrine is also affirmed in the cases of *Heins v. Wicke*, 102 Iowa 396; *Chandler Milling & Mfg. Co. v. Sinaiko*, 201 Iowa 791. Some light is thrown on this question in the following cases: *Skvor v. Weis*, 153 Iowa 720; *Blain v. Dean*, 160 Iowa 708; *Oviatt v. Oviatt*, 174 Iowa 512.

It would appear, therefore, under the conceded facts in the instant case, that the decree entered in the original proceedings for an injunction was void and of no effect.

The petitioner raised this question at the proper time and in the proper manner at all steps in the proceedings, and our conclusion is that his contention should have been sustained by

the district court, and that the decree entered in the equity proceedings for an injunction was not a valid decree against him, because no notice of the filing of the alleged amendment to the petition was ever served upon him, and the allegations of the original petition were not such as would support the decree entered.—*Writ sustained.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.