## BRYSON v. WHILDEN.

1. JUDGMENT—DISCRETION—APPEAL.—A MOTION to set aside a judgment because taken through mistake, inadvertence, and excusable neglect, is addressed to discretion of Circuit Judge, and will not be disturbed on appeal unless there has been an abuse of discretion.
2. JUDGMENT—FORECLOSURE.—In motion to set aside judgment of foreclosure, it cannot be claimed that the relief to be afforded plaintiff had not been ascertained by Circuit Judge, when there had been a reference to ascertain the facts as to the allegations in the complaint.
3. JUDGMENT BY DEFAULT—APPEAL—REMEDIES.—Relief against a judgment by default when the ground of failure to answer through mistake, inadvertence, surprise, or excusable neglect, if refusal of motion is legal error, is by appeal from order refusing leave to answer.

Before KLUGH, J.. Greenville, December, 1898. Affirmed.

Motion in case of William Bryson against Gilbert Whilden by defendant to set aside judgment by default on ground of excusable neglect. From order refusing motion, defendant appeals.

*Messrs. Wells, Ansel & Cothran,* for appellant, cite: *Facts show excusable neglect in serving answer:* 29 S. E. R., 68; 17 S. C., 445. *Judgment by default must show affirmatively all necessary steps:* Code, 267; 50 S. C., 491.

*Messrs. J. H. Heyward* and *Ferguson & Featherstone,* contra, cite: *Order is within discretion of Court, and this Court will not interfere unless there is a clear abuse:* Code, 195; 14 S. C., 223; 52 S. C., 308; 19 S. C., 557; 38 S. C., 556; 15 S. C., 614. *Appellant was represented at hearing, and sec. 195 does not apply:* 7 S. C., 71; 8 S. C., 60; 14 S. C., 324; 17 S. C., 219; 24 S. C., 138; 25 S. C., 53; 38 S. C., 556; 47 S. C., 395; 53 S. C., 227. *Facts do not warrant granting relief sought:* 36 S. C., 678.

July 6, 1899. The opinion of the Court was delivered by
30—55

Mr. Chief Justice McIver. This is an appeal from an order refusing a motion to vacate a judgment by default rendered by his Honor, Judge Benet, on the 28th of July, 1898, and for leave to answer the complaint. The motion was based upon two grounds: 1st. Because said judgment was rendered against him through his "mistake, inadvertence and excusable neglect." 2d. Because said judgment was rendered "without legal authority, it appearing that the relief to be afforded the plaintiff was not ascertained by the Judge." It appears from the "Case" that the action in which Judge Benet rendered the judgment, now sought to be vacated, was commenced on or about the 26th of May, 1898, and its object was to enforce the sale of mortgaged premises, under a judgment of foreclosure and sale rendered by his Honor, Judge Hudson, on the 27th of November, 1878, it being alleged that no sale under said last mentioned judgment had ever been made and no payments made thereon, except those specified in the complaint in the present action, which left a large balance due on the original judgment. It also appears that the original judgment was recovered in an action brought by plaintiff herein against Mrs. Martha E. Whilden, and that defendant herein has acquired title to the mortgaged premises since the original judgment was obtained, and is now in possession of said lands, and no judgment for any deficiency was asked for against him in the present action. It further appears that in the present action defendant was duly served with a copy of the summons and complaint, but failed to serve his answer within the time prescribed by law, and hence the case was placed on Calendar 3. The defendant employed no counsel in the case, but entrusted his defense to his father, Mr. R. F. Whilden, who, though not a lawyer, undertook to represent his son; and for this purpose appeared before Judge Benet, and when plaintiff's counsel applied for the order of sale, objected to the order, and read a paper which he had prepared as defendant's answer, and asked leave to serve it as such. Judge Benet, after fully hearing Mr. R. F. Whilden in behalf of de-

fendant, refused his motion, and granted the order of sale. From this action of Judge Benet, defendant took no appeal, but sometime afterwards he applied for and obtained from his Honor, Judge Klugh, an order staying the sale until he could make this motion to set aside the judgment and order of sale granted by Judge Benet, upon the grounds herein above stated. This motion came before Judge Klugh, and after hearing argument of counsel, he granted an order refusing the motion and dissolving the stay of the sale previously granted by him. The grounds of appeal from this order of Judge Klugh are substantially the same as those upon which the motion was originally based.

The first ground, that the judgment was taken through the mistake, inadvertence and excusable neglect of the defendant, manifestly cannot be sustained. A motion to vacate a judgment upon such a ground is addressed to the discretion of the Circuit Court, and this Court, as has been held in numerous cases, will not interfere with the exercise of such discretion, unless it has been abused. In this case the facts appearing in the record not only fail to show any abuse of discretion on the part of the Circuit Judge, but on the contrary fully sustain his action.

Nor do we think that the second ground has any better foundation. The judgment in this case was not upon an *unliquidated* demand, as in the case of *Roberts* v. *Pawley,* 50 S. C., 491, cited by appellant; for here the amount of the mortgage debt was not only *liquidated,* but had been reduced to judgment in an action against the mortgagor, in which notice of *lis pendens* had been duly filed, and, therefore, when the defendant purchased the mortgaged premises, subsequent to said judgment, he took his title subject to said mortgage. All these facts were ascertained by a reference, as well as the fact of the balance due upon the judgment, and that defendant was in possession of the mortgaged premises, and we do not see what further inquiry was necessary to warrant the rendition of the judgment complained of:

In addition to this, we may add that defendant's remedy, if he was entitled to any, was by appeal from Judge Benet's action in refusing him leave to answer, and in rendering a judgment against him without legal authority. For although the defendant had made default, he certainly could appeal from the order refusing him leave to answer, upon the grounds of mistake, inadvertence, surprise or excusable neglect, as has been done in a number of cases, the most recent of which, that we can recall, is *McDaniel* v. *Addison,* 53 S. C., 227. And we see no reason why he could not by appeal raise the same *legal* question now raised by his second ground, although he could not by appeal raise any issue of *fact.*

The judgment of this Court is, that the order appealed from be affirmed.