CUYLER et al. v. ATLANTIC & N. C. R. CO.

(Circuit Court, E. D. North Carolina. September 20, 1904.)

1. CIRCUIT COURT—EFFECT OF APPEAL FROM INTERLOCUTORY ORDER.
    An appeal from an interlocutory order of a Circuit Court granting or continuing an injunction or appointing a receiver, taken under the provisions of Act June 6, 1900 (31 Stat. 660, c. 803, § 7 [U. S. Comp. St. 1901, p. 550]), does not affect the power of the trial court to proceed with the cause with respect to any matter not involved in the appeal.

In Equity.

Argo & Shaffer, F. I. Osborne, Woodville Fleming, W. H. Day, W. W. Clark, and W. C. Maxwell, for complainants.

Pou & Fuller, Thos. J. Jarvis, T. B. Womack, C. M. Busbee, and W. C. Munroe, for defendant.

PURNELL, District Judge (orally). The difficulty with members of the bar practicing in courts of common-law jurisdiction is the fact that

the jurisdiction of this court is statutory stricti juris, and members of the bar do not carry statutes around with them as they do the principles of the common law, and seldom take the trouble to examine the statutes. The Circuit Court of the United States in this circuit, when there is a full bench, consists of the Chief Justice, Circuit Judge, and District Judge. In the absence of one, the other exercises the power of all three, as provided in section 609, Rev. St. [U. S. Comp. St. 1901, p. 494], and subsequent statutes. You should mark, therefore, the action of the court in opening in due form, the term not being ended; and when open the presiding judge exercises the jurisdiction of all three judges as though they were present. That is one provision I wish to call to the attention of the members of the bar.

Appeals are also strictly statutory. U. S. Comp. St. 1901, p. 550, Act March 3, 1901, 30 Stat. 660, c. 803, § 7, provides:

"That where, upon a hearing in equity in a District Court or in a Circuit Court, or by a judge thereof in vacation, an injunction shall be granted or continued or a receiver appointed, by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction or appointing such receiver to the Circuit Court of Appeals: provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed, unless otherwise ordered by that court, or by the appellate court or a judge thereof, during the pendency of such appeal: provided further, that the court below may in its discretion require as a condition of the appeal an additional bond."

So that the appeal in this case could only be taken, being an appeal from an interlocutory order, and no stay is effective thereby except as provided in this act. That is the only statute which authorizes appeal, and the appeal could only be taken from the order appointing the receiver, and the suit for all other purposes remains in this court. The bill is still pending here, and the court could proceed under that statute to grant any order it might see proper, except as touching the question involved in the appeal.

The order appointing a receiver being appealed from, as to that order only this case is in the Circuit Court of Appeals. A proposition has been tendered by appellant to the appellee under rule 20, C. C. A. (31 C. C. A. clxii, 90 Fed. clxii), to withdraw the appeal, to which appellee refuses to consent. The appellant proposes to withdraw the appeal when the court meets. This is the only alternative. That being so, the court may make such order affecting the litigation as it sees fit, in its discretion, affecting the bill or matters not involved in the appeal; but as to the order appealed from any decree must be predicated upon the proposition to withdraw the appeal, and to be effective when this is done.

The court repeats, as stated on May 28th orally, and afterwards incorporated in an order, that this court has no power to make a lease. It can forbid one, but cannot make one. The court said, in reply to counsel, who asked for a writ of supersedeas for 60 days, in order that the stockholders and directors might effect a lease of the railroad, that there was nothing in the injunction to prevent the directors and stockholders from meeting and making a lease. That was a parol con-

struction of the injunction order. The court meant it then, and did not hesitate afterwards to put it in the shape of an order. The making of a lease means more than a mere paper. It meant that the directors and stockholders of the Atlantic & North Carolina Railroad might do whatever was necessary to be done to complete the lease. Therefore the court, understanding what had been done, and the intent of it, if the question of contempt had been brought before it, would rule that the parties were not in contempt in delivering the property. This court having no authority to make the lease, the power to investigate the lease as presented to the court is questionable. It must take the lease as having been made by the owners of the property in good faith. It must take it that the Governor, stockholders, and directors have thoroughly investigated the matter, and this court is in no way responsible for the results of the lease. The court has heard no objection to the lease. In fact, some of the counsel for complainants expressly indorse it, and consider the same as a good lease, and this court will consider it as the basis of a motion for dismissal made by Mrs. Florence P. Tucker and the other defendants. This status of the case I have endeavored to make clear. Under the law it is anomalous to some extent.

The granting of injunction and appointment of a receiver is largely a matter within the discretion of the court, and, that being so, the court controls at all times the receiver. I have always doubted, and still affirm that I doubted, the validity of the order of the Chief Justice, but approved the bond in accordance with the order. In this phase of the case, the injunction not being appealed from, the court will modify the injunction, and enter an order to that effect in accordance with the provisions as embodied in the nunc pro tunc order of July 27th, and continue the injunction as to the acts ultra vires. The order appointing the receivers will be vacated on the appeal being withdrawn. Of course, such order will not be effective until the withdrawal of the appeal. The bill will be retained, with permission to the complainants to amend same as they may be advised. The defendant to pay the cost of the litigation up to the present time.

As to allowances, the litigation is not in condition for the court to exercise its discretion. The court therefore declines to consider this question, but reserves its decision until the litigation shall be terminated, or in condition to present it to the discretion of the court; and a formal decree embodying these rulings will be entered.