DRAPER CORPORATION v. STAFFORD CO.

(Circuit Court of Appeals, First Circuit. December 13, 1918.)

No. 1357.

1. EQUITY ⬥431—"FINAL DECREE"—OPERATION.
  A "final decree" is one that disposes of all the issues in the case, and a decree entered after rendition of an interlocutory decree, if final, merged the interlocutory decree in it.

  [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. PATENTS ⬥324(2)—INFRINGEMENT SUIT—DECISIONS APPEALABLE—FINAL DECREE.
  In an infringement suit, where defendant appealed from an interlocutory decree adjudging valid and infringed two claims of the patent, and ordering a permanent injunction, etc., held that, under Judicial Code, § 129 (Comp. St. 1916, § 1121), authorizing such appeal, the District Court could not enter a final decree disposing of all of the claims; and hence, where the court attempted to enter such a decree, it was not a final decree from which appeal would lie.

  Morton, District Judge, dissenting.

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit by the Draper Corporation against the Stafford Company. From a final decree entered after defendant's appeal from an interlocutory decree, which adjudged invalid some of the claims of plaintiff's patent, plaintiff appeals. Appeal dismissed.

See, also, 255 Fed. 548, —— C. C. A. ——.

W. K. Richardson, of Boston, Mass. (J. L. Stackpole, of Boston, Mass., on the brief), for appellant.

Melville Church, of Washington, D. C., for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and MORTON, District Judge.

BINGHAM, Circuit Judge. In this case, after full proofs, an interlocutory decree was entered in the District Court in favor of the plaintiff, adjudging claims 1 and 9 of the patent valid and infringed, ordering a permanent injunction, and directing an accounting. At the same time, and as a part of the decree, it was adjudged that claims 12, 13, and 18 were invalid. From so much of the decree as held claims 1 and 9 valid and infringed, the defendant prosecuted its appeal to this court under the provisions of section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [Comp. St. 1916, § 1121]). After this appeal had been taken, the plaintiff filed in the District Court a waiver of its right to an accounting under the decree, and the District Court, against the protest of the defendant, entered a final decree adjudging claims 1 and 9 of the patent valid and infringed, that a permanent injunction should issue, and that there be no reference to a master, and no recovery by the plaintiff of any profits, gains, or damages. It was further ordered, adjudged, and decreed that claims 12, 13, and 18 of the patent were invalid. From so much of the last-mentioned decree as adjudged claims 12, 13, and 18 of the patent invalid, the plaintiff appealed to this court, as from a final decree.

[1, 2] In this situation the defendant filed a motion in this court to dismiss the plaintiff's appeal, on the ground that the decree from which it was taken was not a final decree, for the reason that, after the defendant had appealed from the interlocutory decree, it was beyond the power of the District Court to enter a final decree until the questions raised by the defendant's appeal had been determined by this court; that pending defendant's appeal the hand of the District Court was stayed, so far as the question of the validity of claims 1 and 9 and the relief granted thereon were concerned; and that the supposed final decree was not a final decree, in that it could not dispose of all the issues in the case, it being beyond the power of the District Court to embody in a final decree the issues raised by the defendant's appeal.

The provision of the Judicial Code in question reads as follows:

"Sec. 129. Where upon a hearing in equity in a District Court, or by a judge thereof in vacation, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused, or an interlocutory order or decree shall be made appointing a receiver, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve, an injunction, or appointing a receiver, to the Circuit Court of Appeals, notwithstanding an appeal in such case might, upon final decree under the statutes regulating the same, be taken directly to the Supreme Court: Provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court, or the appellate court, or a judge thereof,

during the pendency of such appeal: Provided, however, that the court below may, in its discretion, require as a condition of the appeal an additional bond."

In Ex parte National Enameling & Stamping Co., 201 U. S. 156, 161, 26 Sup. Ct. 404, 406 (50 L. Ed. 707), the Supreme Court was dealing with this statute prior to its amendment extending the right of appeal to interlocutory decrees refusing or dissolving an injunction. The provisos of the act, however, then read as they do now. In commenting upon the scope and effect of the appeal the court said:

"It will be noticed that the appeal is allowed from an interlocutory order or decree granting or continuing an injunction, that it must be taken within 30 days, that it is given precedence in the appellate court, that the other proceedings in the lower court are not to be stayed, and that the lower court may require an additional bond. Obviously that which is contemplated is a review of the interlocutory order, and of that only. It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree. The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered. It may be true, as alleged by petitioners, that 'it is of the utmost importance to all of the parties in said cause that there shall be the speediest possible adjudication * * * of all of the claims of the aforesaid letters patent which are the subject-matter thereof.' But it was not intended by this section to give to patent or other cases in which interlocutory decrees or orders were made any precedence. It is generally true that it is of importance to litigants that their cases be disposed of promptly, but other cases have the same right to early hearing. And the purpose of Congress in this legislation was that there be an immediate review of the interlocutory proceedings and not an advancement generally over other litigation."

From the language of the act and the interpretation thus placed upon it, it is apparent that the subject-matter of the decree as to which an immediate review is to be had in the Court of Appeals is the order granting or continuing an injunction, or appointing a receiver, and that other proceedings in the cause in the lower court are not to be stayed. The act does not in terms state that the hand of the court below shall be stayed as to the matter involved in the appeal, but, inasmuch as it expressly states that "proceedings in other respects in the court below shall not be stayed," it inferentially carries the idea that the hand of the court below shall be stayed as to the subject matter or question which is to be reviewed in the appellate court.

In Cuyler et al. v. Atlantic & N. C. E. Co., 132 Fed. 568, the Circuit Court for the Eastern District of North Carolina, in considering the effect of an appeal from an interlocutory decree, appointing a receiver under the act here in question, prior to the amendment, and the extent to which the appeal operated as a stay of the proceedings in that court, said:

"So that the appeal in this case could only be taken, being an appeal from an interlocutory order, and no stay is effective thereby except as provided in this act. That is the only statute which authorizes appeal, and the appeal could only be taken from the order appointing the receiver, and the suit for all other purposes remains in this court. The bill is still pending here, and the court could proceed under that statute to grant any order it might see proper, except as touching the question involved in the appeal.

"The order appointing a receiver being appealed from, as to that order only

this case is in the Circuit Court of Appeals. A proposition has been tendered by appellant to the appellee under rule 20, C. C. A. (31 C. C. A. clxii, 90 Fed. clxii), to withdraw the appeal, to which appellee refuses to consent. The appellant proposes to withdraw the appeal when the court meets. This is the only alternative. That being so, the court may make such order affecting the litigation as it sees fit, in its discretion, affecting the bill or matters not involved in the appeal; but as to the order appealed from any decree must be predicated upon the proposition to withdraw the appeal, and to be effective when this is done."

Our attention has been called to the decision in Foote v. Parsons Non-Skid Co., 196 Fed. 951, 118 C. C. A. 105. In that case it appears that, after a decree continuing a preliminary injunction had been granted, an appeal was taken in the name of Foote, and that after the appeal was perfected, the plaintiff and Foote entered into a settlement and signed a written stipulation, entitled in the court below, to the effect that a final decree for injunction, but without costs or damages, might be entered for the plaintiff, and that another stipulation was made, entitled in the Court of Appeals, to the effect that the appeal might be dismissed. The plaintiff filed the latter stipulation in the Court of Appeals and entered a motion to dismiss. The Atlas Company and the Perry Company filed a petition in the Court of Appeals to intervene and to be allowed to prosecute the appeal on the ground that they were the parties in interest in defending the suit in the court below. The motion to intervene was denied and the sole remaining question was whether the stipulation between the parties for the dismissal of the appeal should be granted. No question was presented in the Court of Appeals as to the power of the Circuit Court to enter a final decree in accordance with the stipulation of the parties, entitled as of that court, prior to the dismissal of the appeal, and we do not regard it as authority for the proposition that the lower court had the power to do so pending the appeal.

A final decree is one that disposes of all the issues in a case. If the decree in question was a final decree it merged the interlocutory decree in it. But it was beyond the power of the District Court to merge the interlocutory decree in a final decree pending the appeal therefrom, and this being so the decree from which this appeal is prosecuted was not a final decree from which an appeal will lie.

Appeal dismissed, with costs to the appellee.

MORTON, District Judge (dissenting). In my opinion the statute under which the defendant's appeal was taken was not intended to interrupt the usual procedure in equity cases with reference to the hearing and determination of the merits of the controversy; and this seems to me to be the view of the statute taken by the Supreme Court in Ex parte National Enameling & Stamping Co., 201 U. S. 156, 161–162, 26 Sup. Ct. 404, 50 L. Ed. 707, referred to in the opinion. The considerations which govern the granting or refusal of injunctions pendente lite are in many respects different from those which govern the granting or refusal of them on full hearing. It might well happen, for instance, that an injunction not proper as preliminary relief ought to be granted on final hearing. The opinion of my associates is, if I understand it correctly, that the subject-matter covered by an inter-

locutory injunction (if one be granted), or by the motion for it (if the injunction be refused), is, after an appeal be taken, withdrawn from final action in the trial court until the appeal is determined. This is an innovation in equity procedure, and one which I think will work badly.

The general rule on which my associates base their opinion, viz. that the final decree merges all interlocutory ones, was not established with reference to the practice under the statute here in question. Either the efficient procedure for determining the case must be interfered with, or the rule as to merger must be limited; and it seems to me that the rule, which is a mere technicality, is the less important. In my opinion the appeal from the interlocutory decree kept it from being merged into the final decree, and both appeals are properly before the court.

Moreover, as both parties agree, what has been done in the way of appeal has resulted in all the questions raised by the case being brought before this court in a manner adequate for the decision of them. To dismiss the appeal will be of substantial advantage to nobody except printers and will merely burden the plaintiff with a double bill for printing and with the costs following this dismissal. The case will be reprinted and brought here again on the same record. As the merits of the controversy are fully and fairly presented by the present records, I think the court should take jurisdiction, and that the decision not to do so is unfortunate and unduly exaggerates formality at the expense of substantial justice.