# GRIEVE v. HUBER, ET AL.

(No. 1573; Jan. 15, 1930; 283 Pac. 1105)

(Rehearing Denied—

For the appellant, there was a brief by *S. E. Phelps* of Casper, Wyoming, and oral argument by *Mr. Phelps.*

172

For the respondent there was a brief by *Curran* and *Cobb* of Casper, Wyoming, and oral argument by *William B. Cobb*.

*S. E. Phelps* in reply.

BLUME, Chief Justice.

This is an appeal from an order dated December 17, 1928, confirming the sale of real estate. The appeal is taken by the Central Trading Company, hereinafter called "appellant."

The case was originally commenced in the District Court of Natrona County by Harriett T. Grieve as plaintiff against Paul Huber, the Central Trading Company, and others, as defendants, for the purpose of foreclosing a mortgage made and executed by Paul Huber and his wife to Harriett T. Grieve on Lots 14, 15, 16 and 17 in Block 5 in the City of Casper in order to secure the sum of $50,000, of which the principal sum of $47,500 and interest was alleged to be due. The appellant, according to the allegations of the petition, became a purchaser of the premises above described subsequent to the making and recording of the mortgage and at the time of the commencement of the action was accordingly the owner of the equity of redemption. The petition prayed for a personal judgment against Paul Huber and Alma Huber; for the foreclosure of the mortgage; that the rights of the various parties in the action be declared to be junior and inferior to the mortgage of the plaintiff and that the property be sold and the proceeds applied to the payment of the debt. On July 7, 1926, but before service of summons was made upon the appellant, a judgment and decree was entered in the case, foreclosing the mortgage, finding the amount due thereunder to be the sum of $54,113.25, and directing the premises to be sold for the purpose of satis-

fying the amount found due. A sale, made in pursuance to the foregoing judgment, was subsequently set aside. Thereafter, on June 11, 1927, summons was issued and served upon an agent of the appellant. On July 7, 1927, appellant appeared in the cause by what was called a "special appearance," objecting to the appointment of a receiver, claiming that plaintiff was not entitled to any relief against appellant, and asking that appellant be granted such general and equitable relief as might be proper in the case. On July 7, 1927, an order was entered overruling the objections, giving appellant fifteen days additional time in which to answer or otherwise plead in the case, and appointing a receiver. An appeal was taken from this order. Grieve v. Huber, 38 Wyo. 223, 226 Pac. 128. On that appeal this court held the appearance made by the appellant as above mentioned to be a general one. Thereafter, and on May 14, 1928, and without the appellant having filed any further pleadings in the case, the trial court made and entered a judgment and decree in the case, which, aside from the caption, reads as follows:

"The above entitled matter, coming on regularly for hearing this 14 day of May, 1928, same having been continued from the 3rd of May, 1928, and the court being advised that none of the parties noticed appeared, and having examined the records, finds that the order of sale as prayed for should issue. Wherefore, it is ordered, adjudged and decreed, that the clerk of court in and for the County of Natrona, State of Wyoming, issue a statutory order of sale directing the sheriff to sell the following described real estate, in conformity with the statutes in such matters made and provided: Lots Fourteen (14), Fifteen (15), Sixteen (16) and Seventeen (17), in Block Five (5) of the Original Town (now City) of Casper, Natrona County, Wyoming. It is further ordered, that copies of the above and foregoing Order be served forthwith on Table Supply Company and Central Trading Company, Wyoming corporations, and on Paul Huber and Alma Huber, his wife.

Done in open court this 14 day of May, 1928.''

A copy of this judgment was served upon the appellant on May 16, 1928, in accordance with the direction of the court. An order of sale was duly issued by the clerk in the usual form on May 23, 1928. An appraisement of the property was made and proceedings were had which resulted in the sale of the property for the sum of $35,000 to the Realty Holding and Investment Company. On July 21, 1928, the appellant filed a demurrer based on some alleged defects in the petition. On October 18, 1928, Mrs. Grieve filed a motion for the confirmation of the sale above mentioned. Notice of this motion was given to the defendants by registered mail. One was sent to the appellant at Casper, Wyoming, but was returned by the postoffice department as unclaimed. An order confirming the sale was made on December 17, 1928, as above mentioned. None of the defendants appeared or made objections thereto. This order was filed on December 31, 1928, and on January 9, 1929, notice of the instant appeal was served upon Harriett T. Grieve and the Realty Holding and Investment Company.

■ Counsel for the appellant argues that the order confirming the sale was void because no notice of the hearing thereon was served upon it. The proper method to raise objections to the confirmation of a sale is either to appear at the time such order is entered or to make a motion to vacate it, and the objections to such sale and the confirmation thereof must be seasonable and specific. 42 C. J. 219, 220, 227, 228; Everett v. Reynolds, 114 N. C. 366, 19 S. E. 233; Wiltse, Mortgage Foreclosure, Sec. 737. It is evidently the thought of counsel that an appeal may be taken from the order of confirmation without taking such procedure, because the record shows that no notice of the motion of confirmation was served upon the appellant and that this was necessary to confer jurisdiction upon the court to enter the order. It is true that the

record shows that a notice directed to the appellant was returned unclaimed. We are not certain that this would be sufficient to overcome the presumption of regularity, for service of the notice might have been made in some other manner. But we shall not stop to determine this point, or whether, if notice were necessary, notice by registered mail would be sufficient, or whether an appeal from an order confirming a sale may be taken directly without taking the procedure above outlined. Section 5978, Wyo. C. S. 1920, provides:

"If, upon the return of any writ of execution, for the satisfaction of which lands and tenements have been sold, it be found by the court, on careful examination of the proceedings of the officer, that the sale has been made in all respects in conformity to the provisions of the code of civil procedure, the clerk shall be directed to make an entry on the journal that the court is satisfied of the legality of such sale, and that the officer, on making the sale, may retain the purchase money in his hands until the court examines his proceedings, when he shall pay the same to the person entitled thereto, agreeably to the order of the court."

This section does not provide that notice of such action of the court shall be served upon the parties in the case, or that a motion for the confirmation of the sale must be filed, but seems to contemplate that the court shall act whenever the return of any writ of execution under which lands and tenements have been sold is made, although, doubtless, the filing of a motion for confirmation is proper practice. Nor do we find any requirement in other provisions of the statute where notice of such a motion or such action of the court is required to be given. Sections 5714 to 5719, C. S. 1920, which relate to motions generally, make no such requirement. In the case of Bankers Trust Company v. Maxom, 100 N. J. Eq. 1, 134 Atl. 875, the court said:

"It is also contended for the receiver that he was entitled to notice of intention to enter an order confirming sale, and he cites chancery rule 218. But that rule does not provide for notice (nor does Comp. Stat. p. 3422, § 50, under which it was adopted), but does provide that, if objection shall not be made to the sale within five days after the filing of the report, an order may be entered, *which shall be an order of course,* confirming the sale as valid and effectual in law, and directing the officer, by whom the sale was made, to execute a good and sufficient conveyance to the purchaser. The sale of mortgaged premises takes place only upon due advertisement according to law, which is notice to the public in general, including the parties to the suit. Therefore there is no occasion for particular notice to the parties interested of an application for an order of confirmation; the rule advises them as to that, and is a matter of which they are obliged to take notice."

In the case at bar, a judgment and decree was entered directing the sale of the premises in question. This was served upon the appellant, which gave it specific notice of the intended sale. Section 6006, Wyo. C. S. 1920, provides that the sale must be advertised for six consecutive weeks. Appellant thus received notice, along with others, and we do not think that, being a party to the case, it can now be heard to say that it had no notice of the proceeding on confirmation which regularly followed under the statute. Boulter v. Cook, 32 Wyo. 461, 234 Pac. 1101, 236 Pac. 245. That should be the rule at least, as in the case at bar, where no showing is made to the trial court, on a motion to vacate the sale, that a complaining party has been unavoidably prevented from receiving notice of the sale. We feel satisfied that appellant had full notice of the sale and the proceedings for confirmation, at least all the notice to which it was legally entitled; that it has not been prejudiced by the want of additional notice, and that it has, accordingly, no cause to complain on that ground.

 Counsel for the appellant further argues that the order appealed from is void because it takes appellant's property without due process of law. He claims, in substance, that there is no judgment in the case in which the mortgage in question was foreclosed as against appellant. He cites the rule that a purchaser of the mortgaged premises after the execution of the mortgage is a necessary party to a foreclosure suit. Boggs v. Hargrave, 16 Cal. 560, 42 C. J. 49. It is held, however, that the failure to join the subsequent purchaser does not deprive the court of jurisdiction in the case, although the judgment will not in any way affect his rights when not made a party. 42 C. J. 49. These rules, however, have no application here, for the reason that, as heretofore stated, appellant was in fact a party, at least from July 7, 1927.

It is held by a number of courts, and by apparently the majority where the question has arisen, that if a judgment is void against a particular defendant because of want of jurisdiction over his person, a general appearance after the rendition of the judgment waives the want of jurisdiction and validates the judgment. 4 C. J. 1365. Thus in Fowler v. Continental Casualty Co., 17 N. M. 188, 124 Pac. 479, the court said:

"The greater weight of authority seems to follow the rule 'that if a person makes a general appearance subsequent to the entry of a void judgment, he must make all the objections he intends to raise, and that those objections not made are waived, and the judgment is validated as to all defects not distinctly raised by the general appearance.' "

In Nelson v. Loan & Trust Co., 62 Nebr. 549, 87 N. W. 320, the owner of the equity of redemption of property had not been made a party to a foreclosure suit, but he made a general appearance subsequently and objected to the confirmation of the sale. It was held that the court

thereby acquired jurisdiction over him for all purposes, and the sale was confirmed. The gist of the holding, or included therein, evidently is that though the judgment was void as to the owner of the equity of redemption, it was validated by the appearance in the case subsequently. The case is directly in point. The appearance of the appellant for the purpose of objecting to the appointment of a receiver and asking general equitable relief would have the same effect, so far as validating a previous judgment is concerned, as an appearance at the time of the confirmation of the sale. It thereby became a party to the case, and, according to the foregoing rule, it could not then make a partial objection to the judgment already entered, but was required to set up all the grounds on which it considered the judgment to be void. There are cases, however, which hold that general appearance does not validate void proceedings (4 C. J. 1365), and we do not deem it necessary herein to decide which of the foregoing rules ought to be adopted, because another ground exists on account of which appellant's claim cannot be sustained.

For some unexplainable reason, counsel for the appellant seems to attach no importance to the judgment of May 14, 1928, although that judgment directed the sale of the premises in question. True, it is more or less connected with the judgment of August 27, 1926, but it is, nevertheless, an independent judgment, which is binding upon the appellant, because it was then a party in the case, and against which it has had its day in court. We see no reason why, under the circumstances of this case, this judgment should not be considered as the judgment of foreclosure in the case so far as the appellant is concerned. It has been held a number of times that a decree directing the sale of mortgaged or other premises is a final decree from which an appeal may be taken. Smith v. Valentine, 19 Minn. 452; Ray v. Law, 3 Cranch. 179, 2 L. Ed. 404; Bronson v. R. R. Co., 2 Black (U. S.) 524,

531, 17 L. Ed. 359, 729; Whiting v. Bank, 13 Peters 6, 15, 10 L. Ed. 33; Kronenberger v. Heinemann, 104 Ill. App. 156; Boothe v. Mining Co., 59 Wash. 610, 110 Pac. 536. The purpose of a foreclosure proceeding is to have the mortgaged property applied to the satisfaction of a debt and in that sense it is in the nature of a proceeding in rem. The plaintiff need not ask for a personal judgment, though he may be entitled to one against one or more defendants, and none was asked against appellant. It is not necessary, in the ordinary foreclosure, for the court to specifically find and state that the rights of a party defendant in the action are barred and foreclosed. That, where a mortgage is only a lien, is effected, as held in Sichler v. Look, 93 Cal. 600, 29 Pac. 220, by the sale of the property pursuant to a judgment. In states where, as in Wyoming, the statute gives a right of redemption for a certain period after a sale is made, it is doubtless more accurate to say that a foreclosure is effected by an order or judgment directing the sale of the mortgaged property, the sale made pursuant thereto, and by the expiration of the time fixed for redemption, for the rights of a party entitled to redeem, and who does not redeem, are barred only thereafter. Of course, in order that a judgment directing the sale of the property may be valid, a debt, on account of which it is directed to be made, must exist, and none should be ordered unless that fact is certain. Aside from that, the only purpose of ascertaining the amount due, when no personal judgment is asked, is to determine how much the mortgagee is entitled to receive out of the money realized from the sale of the security, (Winne v. Lahart, 155 Minn. 307, 193 N. W. 587, 34 A. L. R. 844), and, perhaps, to guide the court in its determination, if that is necessary to be made, as to the manner of the sale. Hence, while a judgment directing the sale, should also ordinarily determine the amount due (42 C. J. 147; Sichler v. Look, supra), it is held that it is not necessarily

essential in all cases that this be done before the sale is directed to be made. Speers Sand Clay Co. v. Trust Co., 20 Fed. (2d) 333; Patterson v. Mortgage Co., infra. And it is apparent, that in so far as the foreclosure of a mortgage is effected by a judgment of foreclosure, that is done by that portion thereof which directs the sale. All else therein relates to collateral matters—the rightfulness of the sale, the conditions or limitations thereof, or the relative priorities and equities, if any, of various lienholders.

In the case at bar, the court, in its judgment of May 14, 1928, ordered that a sale should be made of the mortgaged premises, and that the prayer of the petition for a sale should be granted. The petition prayed for the sale in order to satisfy the amount due upon the mortgage, and the judgment, accordingly, in effect directed the sale of the premises to satisfy the amount so due. The action was upon a liquidated amount. The appellant had failed to plead further in the case pursuant to the permission to do so contained in the order of July 7, 1927, and it is held that in such case the allegations of a bill in equity are admitted as though they were admitted by answer (21 C. J. 792) and even if that were not so, we must presume, in the absence of a contrary showing, that proof was submitted to the court which would justify it in entering the order directing the sale. Further, the amount due had already been ascertained previously. The court, according to its recital in the judgment of May 14, 1928, had examined the records in the case, and doubtless deemed it unnecessary, in view of the fact that no one questioned it, to again state what the amount was. Moreover, counsel for appellant specifically states in his brief that "this appellant is not complaining as to the validity of the judgment in the case at bar," namely, that of August 27, 1926, which, among other things, determined the amount due. He, accordingly, admits, or at least does not deny, the mortgage indebtedness stated therein. In

fact, at no stage of the proceedings has appellant questioned the validity of the mortgage or the amount due thereunder, and even upon oral argument of the case to this court, his counsel could not, or at least did not, after inquiry, point out anything wherein appellant has been in any way prejudiced in its rights herein. Though it were true, accordingly, that the judgment of May 14, 1928, were defective as a judgment of foreclosure against appellant, of which we are, under the circumstances of this case, not at all certain, it would be making a plaything out of justice to say, in a collateral proceeding as here, that it did not affect appellant's rights, and that appellant did not have the opportunity to be heard in defense of its property, to which it is entitled under the constitution. The thing against which appellant now contends is the sale of its premises. That is the vital thing that affected its interest, and that, as stated, was ordered and directed in the judgment of May 14, 1928.

A case close in point here is that of Patterson v. Mortgage Company, 112 S. C. 205, 99 S. E. 828. That was an action of foreclosure in which the mortgagor made default. The court entered an order directing the sale of the land without ascertaining the amount due and referring that matter to a master. After the sale was had, the defendant appeared and objected because the amount of the indebtedness had not been ascertained before the order directing the sale was made. The opinion approved by the Supreme Court on the point in question is as follows:

"The fact of some indebtedness as alleged in the complaint, which was upon a liquidated demand, was admitted by the default to answer. Bryson v. Whilden, 55 S. C. 467, 33 S. E. 558. It is competent for the circuit judge to grant relief in default cases, when in chancery, with or without reference, as he may deem proper. Johnson v. Masters, 49 S. C. 526, 27 S. E. 474. The mortgagor

does not deny having given the notes and mortgages, and does not set up payment, or other defense. It was not to be presumed necessary to calculate the amounts due on the notes and mortgages for his information. It was held in Benjamin v. Drafts, 44 S. C. 430, 435, 436, 22 S. E. 470, not to be error on the part of Judge Fraser to make a decree for foreclosure and sale of mortgaged property without waiting on a reference to determine the amounts due on the mortgages, and their relative priorities. But, if error, it would not be a ground to vacate the sale, when the objection to the decree could have been made before the sale, and the objection comes too late after the sale is had. Muckenfuss v. Fishburne, 68 S. C. 44, 46 S. E. 537. The court ordering the sale had jurisdiction of the subject-matter, and all proper parties were before the court when the order was made. 'It is undoubtedly the policy of the law to maintain judicial sales, whenever it can be done without violating principles or doing injustice; and in this view it is held that a purchaser at such sale is in no way responsible for mere irregularities in the proceedings, or even error in the judgment, under which the sale is made.' Tederall v. Bouknight, 25 S. C. 280.''

The court accordingly confirmed the sale.

In any event, the appellant is not attacking the judgment of May 14, 1928, and did not attack it below. It had full and complete opportunity of objecting to it before it was entered. It might have gone into court to have it set aside, or it might have appealed from it. It did none of those things. To file a demurrer after judgment was entered was of course useless, and Bertagnolli vs. Bertagnolli, 23 Wyo. 228, 148 Pac. 374, has no application here. Though it had specific notice of this judgment, at least from May 16, 1928, appellant did not choose to do anything about it, and acquiesced in it. It permitted the plaintiff, in reliance thereon, to go to the expense and trouble of the appraisement and sale of the premises, and then, months later, merely complains, by an appeal to this court, of the order confirming the sale. It did not even do what was done in the South Carolina case. We think

that appellant is too late. The general rule is, as said by Wiltse on Mortgage Foreclosure, 4th Ed., Sec. 730:

"The only matters determined in connection with an application for confirmation of a foreclosure sale are the regularity of the proceedings under the decree and leading up to the sale and matters concerning the conduct of the sale and the price received. Objections which might have been raised before the decree of sale, including all objections concerning the validity of the mortgage foreclosed, should not be considered."

See also Patterson v. Mortgage Co., supra; Boothe v. Mining Co., supra; Cox v. Parotte, 59 Nebr. 701, 82 N. W. 87, 42 C. J. 219.

It follows from what we have said that the judgment of the lower court must be affirmed, and it is so ordered. It it not necessary to consider the motion to dismiss the appeal.

*Affirmed.*

KIMBALL and RINER, JJ., concur.

ON PETITION FOR REHEARING

BLUME, Chief Justice.

A petition for rehearing has been filed herein. The first ground urged is that the judgment of May 14, 1928, was void because the trial court was then without jurisdiction in the case by reason of the fact that an appeal was then pending in this court from an order appointing a receiver. Grieve v. Huber, 38 Wyo. 223, 266 Pac. 128. The claim now urged was not mentioned on the original hearing herein, and we might well disregard it for that reason. But, anxious not to do injustice, we have fully considered the point. The law does not seem to sustain the appellant's claim. It is generally held, though there may be exceptions, that an appeal from an interlocutory order does not divest the trial court of jurisdiction to

proceed in matters not involved in the appeal. 3 C. J. 1259. And in 3 C. J. 1326 it is said:

"Notwithstanding a supersedeas on appeal from an order appointing a receiver, the cause remains pending in the trial court, and amendments and changes in the pleadings may be made as in other cases; and the parties are not deprived of the right to a trial of the cause on the merits pending the appeal."

See also cases cited in note (e) of 3 C. J. 1260. In the case of Wabash R. R. Co. v. Dykeman, 133 Ind. 56, 32 N. E. 823, the court said.

"After a receiver has been appointed, the order making the appointment appealed from, the cause, notwithstanding the appeal, remains pending in the *nisi prius* court, and amendments or changes in the pleadings may be made as in other cases * * *. On such appeal no question will be considered as to the sufficiency of the complaint or other pleading in the action, except that which immediately led to the appointment of the receiver, leaving all other matters open and undetermined and still within the control of the court below."

Furthermore, a consideration of Section 6413 would seem to completely dispose of the matter. That section provides:

"No appeal taken from an order made before judgment shall stay further proceedings in the action in the trial court, unless by order of the judge thereof."

It is not claimed that any order was made staying further proceedings. If, accordingly, the statute quoted is not applicable, it is only because a judgment that was binding upon the appellant had already been entered in the cause. One party cannot, of course, rely upon the existence of a judgment that in no way concerns him or binds him. A judgment had been rendered against other

parties on August 17, 1926. If that was binding upon appellant, as many courts would hold, as shown in the original opinion, then the judgment of May 14, 1928, becomes wholly immaterial herein. If it was not binding upon it, then it cannot be relied on herein to prevent the application of Section 6413 supra; for then so far as appellant is concerned, the first judgment rendered in the case was that of May 14, 1928, making the provision of the foregoing statute directly applicable, and left the trial court full power to proceed in the case as it did, notwithstanding the appeal from the order appointing a receiver. Congress has enacted a provision similar to that of our statute. Section 129 of the Judicial Code (28 U. S. C. A., Sec. 227) provides that appeals may be taken from interlocutory orders, including orders appointing a receiver, but that "the proceedings in other respects in the District Court shall not be stayed during the pendency of such appeal, unless otherwise ordered by the court." It has been held that such appeal affects nothing except the order appealed from. Cuyler v. R. Co., 132 Fed. 568; Foote v. Non-Skid Co., 196 Fed. 951; Sutherland Paper Co. v. Carton Co., 14 Fed. (2d) 700; Ex parte National Enameling Co., 201 U. S. 156, 50 L. Ed. 707, 26 Sup. Ct. 156. In the last case cited, it was said:

"Obviously that which is contemplated is a review of the interlocutory order, and of that only. It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree. The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered."

Counsel argues that one of the grounds alleged against the validity of the order appointing a receiver was the want of jurisdiction over the person of the appellant; that this objection applied to the whole case, and conse-

quently was directly involved in the former appeal and necessarily deprived the court of power to proceed further until that point was determined by this court. But our statute does not say so. The grounds urged against the validity of the appointment of a receiver were not appealable; only the order itself was, and from it only the appeal was actually taken. If the contention of counsel were correct, the purpose of the statute could easily be defeated in any case by merely alleging want of jurisdiction of the court to proceed. It may, of course, happen at times that the ground alleged against the invalidity of the order appointing a receiver will, if found to be well taken, also render any other order in the case invalid. And the statute has made specific provision for a case in which the trial court should deem that to be true, for a special order may be then entered, suspending any further proceedings. But unless such special order is made—and none was made in this case, so far as the record shows— the court is not deprived of jurisdiction to proceed in other matters, if, as is true here, the ground urged is not in fact well taken.

Counsel except to the presumption which we indulged in on the original hearing that the sale of the premises in question was regularly conducted, and now, for the first time, claims that to be untrue. We find his claim as to the issuance of the order of sale and the appraisement to be without merit. The record, however, fails to show a return made by the sheriff, or a copy of the advertisement. But there is no affirmative showing that the sale was not regularly conducted, and in the absence thereof we must presume that the officers performed their duty, and that when the court entered its order confirming the sale, it found, upon evidence duly submitted, that everything necessary to be done in order to make the sale valid was in fact done. This is elementary. Besides, there is no

certificate in the record showing that it contains all the papers filed in the case. Other arguments relate to the defects in the judgment of May 14, 1928. But we discussed that matter fully in the original opinion, and think the conclusions therein stated to be correct. The petition for rehearing must be denied.

*Rehearing Denied.*

KIMBALL and RINER, JJ., concur.