## RICO MFG. CO., Inc., v. TRICO PRODUCTS CORPORATION.

### HACKETT PRODUCTS CO., Inc., v. SAME.
### No. 2964.

Circuit Court of Appeals, First Circuit.
Jan. 31, 1935.

Rehearing Denied March 21, 1935.

Perley H. Plant, of Providence, R. I. (James E. Dooley, of Providence, R. I., on the brief), for appellants.

Edwin T. Bean, of Buffalo, N. Y. (Horatio E. Bellows, of Providence, R. I., and Barton A. Bean, Jr., and Richard W. Treverton, both of Buffalo, N. Y., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

These two cases are appeals from so-called interlocutory decrees of July 2, 1934, denying motions to dissolve injunctions granted after hearing on the merits and to dismiss the bills of complaint. Both cases were tried together in the District Court for

Rhode Island. They are equity suits alleging infringement of letters patent No. 1,659,-469, owned by the plaintiff. Claims 1 and 2 were in issue. The defenses were invalidity and noninfringement. The District Court, in an opinion filed December 6, 1930, 45 F. (2d) 599, held both claims valid and infringed, and on January 10, 1931, interlocutory decrees were entered in compliance therewith and perpetually enjoining the respective defendants. After the entry of these decrees an accounting was had before a master, who made a report recommending an award to the plaintiff in each case.

On June 4, 1934, the defendants filed motions to dissolve the injunctions granted by the decrees of January 10, 1931, and to dismiss the bills of complaint, on the ground that the patent was invalid by reason of the failure of the plaintiff (or its patentees) to enter a disclaimer promptly of claim 1 of the patent in suit, as required by sections 4917 and 4922 of the Revised Statutes (35 USCA §§ 65, 71). Exceptions having been taken on the master's report, the parties were heard as to those matters and the motions on July 2, 1934, and, on that date, the report of the master was affirmed and the motions to dissolve the injunctions and to dismiss the bills were denied. On July 19, 1934, a final decree in each case was entered in favor of the plaintiff. No appeals were taken from the final decrees, but, on July 31, 1934, after the entry of the final decrees, the defendants appealed to this court from the interlocutory decrees of July 2, 1934.

In support of the motions for dissolution of the injunctions and the dismissal of the bills, it appeared that an infringement suit was brought by the plaintiff, appellee, against the Apco-Mossberg Corporation in the District Court for Massachusetts on the patent here in suit, and that that court, on February 28, 1930 [34 F.(2d) 672] held claim 1 invalid and claim 2 valid; that the plaintiff prosecuted an appeal to this court, where, on November 26, 1930, the decree of the District Court was affirmed [45 F.(2d) 594], and that the plaintiff did not apply to the Supreme Court for certiorari to review the decree.

It also appeared that the plaintiff brought a like suit upon the same patent against the Ace Products Corporation et al. in the District Court for Connecticut, and that that court, on January 14, 1929, rendered an opinion in which it held claims 1 and 2 of the patent valid and infringed, and a decree to that effect was entered in the plaintiff's favor, from which no appeal was taken.

In the instant cases the defendants complain that the interlocutory decrees of July 2, 1934, here appealed from, were erroneous on the ground that, at the time of filing the motions to dissolve the injunctions and dismiss the bills, some three years and eight months had elapsed since the entry of the final decree by this court in the Apco-Mossberg Case on November 26, 1930, and that, under the decision of the Supreme Court in Ensten et al. v. Simon, Ascher & Co., 282 U. S. 445, 51 S. Ct. 207, 75 L. Ed. 453, the decrees should be vacated and the bills dismissed.

■ We are without jurisdiction to pass upon this question. At the time the appeals from the interlocutory decrees were taken and allowed on July 31, 1934, final decrees previously had been entered in favor of the plaintiff on July 19, 1934. This being so, the interlocutory decrees became merged in the final decrees of July 19, 1934, and thereafter there were no interlocutory decrees in existence from which appeals could be taken, as these were attempted to be on July 31, 1934. Had appeals from the interlocutory decrees been taken prior to July 19, 1934, the District Court would have been without power on that date, or thereafter, to enter final decrees affecting the questions involved in the appeals from the interlocutory decrees, until the interlocutory appeals had been disposed of; and, if decrees covering such matters had been entered while the interlocutory appeals were pending, the decrees would not have been final. This matter was fully considered by this court in Draper Corporation v. Stafford Co. (C. C. A.) 255 F. 554. But here no appeals had been taken from the interlocutory decrees at the time of the entry of the final decrees, and when they were applied for the former had become merged in the latter and their allowance was of no avail. And as no appeals were taken by the defendants from the final decrees of July 19, 1934, we are for this reason also without jurisdiction to entertain the questions desired to be decided.

The appeals are dismissed for want of jurisdiction. No costs.

### On Application for Rehearing.

■ This is an application for leave to file a petition for rehearing on the ground that appeals from the interlocutory orders were

taken in open court at the time the orders in question were made.

The application must be denied, not for the reason that it is made late, but because the certificate of the clerk of the District Court, presented with the application, does not support the claim that appeals were taken in open court. All the certificate of the clerk shows is that, at the time the interlocutory orders were made, defendants' counsel gave notice of an intention to appeal; and the record in the case discloses that, some days later and shortly before the expiration of thirty days, he applied out of court for leave to appeal from the orders and was allowed to do so. This fails to show that appeals were taken in open court.

As pointed out in our opinion of January 31, 1935, at the time the appeals in fact were applied for and allowed the interlocutory orders in question had become merged in the final decree and their validity could then be called in question and reviewed here only by an appeal from the final decree, which was not taken.

If the certificate of the clerk had disclosed that the appeals had been taken in open court from the interlocutory orders, we should not hesitate about taking jurisdiction and passing upon the main question, for the orders apparently are in conflict with the decision of the Supreme Court in Ensten v. Simon, Ascher & Co., 282 U. S. 445, 51 S. Ct. 207, 75 L. Ed. 453; three years and eight months having elapsed since the entry of the final decree in the Apco-Mossberg Case.

Leave to file application for rehearing denied.