ICYCLAIR, Inc., et al. v. DISTRICT COURT OF UNITED STATES FOR SOUTHERN DISTRICT OF CALIFORNIA, CENTRAL DIVISION.

No. 8723.

Circuit Court of Appeals, Ninth Circuit.

Dec. 18, 1937.

Fred H. Miller and Charles C. Montgomery, both of Los Angeles, Cal., for petitioners.

J. Calvin Brown, of Los Angeles, Cal., Daniel G. Albert, of Brooklyn, N. Y., and Wm. S. Graham, of San Francisco, Cal., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Southern District of California, the National Popsicle Corporation and two other plaintiffs brought a suit in equity against Icyclair, Incorporated, and another defendant for the infringement of letters patent owned by plaintiffs. Defendants answered, alleging invalidity of the patents and denying infringement.

The District Court heard the case and on September 11, 1935, entered its decree (hereafter called the first decree), holding the patents valid and infringed by defendants, enjoining defendants from further infringing them, and referring the case to a special master for the purpose of taking an account of profits and damages.

That being a final decree, except for the ordering of an accounting, defendants on October 10, 1935, appealed therefrom to this court, pursuant to section 129 of the Judicial Code, as amended by the Act of February 28, 1927, 44 Stat. 1261, 28 U.S. C.A. § 227a, which provides:

"When in any suit in equity for the infringement of letters patent for inventions, a decree is rendered which is final except for the ordering of an accounting, an appeal may be taken from such decree to the circuit court of appeals * * *; and the proceedings upon the accounting in the court below shall not be stayed unless so ordered by that court during the pendency of such appeal."

The appeal is still pending. No stay of the proceedings upon the accounting was ordered or requested. Therefore, notwithstanding the appeal, the special master proceeded to take, and in due course submitted to the court below, his account and report, from which it appeared that defendants were liable to plaintiffs for profits and damages aggregating $14,385.59. Thereafter, on November 15, 1937, the court rendered its "final decree on accounting" (hereafter called the second decree), confirming the master's report and awarding judgment for the amount therein stated.

On November 18, 1937, defendants were granted leave to file, and did file in this court, a petition for a writ of certiorari and for an order vacating the District Court's second decree. As grounds therefor, the petition asserts that such writ and order are necessary to protect this court's jurisdiction of the pending appeal, and to aid it in acquiring jurisdiction of an appeal, not yet taken, from the second decree. Thus, by their petition, defendants invoke the power vested in this court by section 262 of the Judicial Code, 28 U.S. C.A. § 377, which provides:

"The * * * circuit courts of appeals * * * shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

The claim that a writ of certiorari is necessary in this case is predicated upon the professed belief or fear that, if permitted to stand, the second decree will merge with the first, and that such merger will defeat this court's jurisdiction of the pending appeal, or its jurisdiction of a future appeal from the second decree, or both.

These fears are groundless. There is here no merger of decrees. The first decree was appealed from before the second decree was entered. The pendency of an appeal from the first decree constituted no impediment to the entry of the second decree. The pending appeal is not affected by the second decree, nor does it hinder or prevent the taking of a valid appeal from the second decree.

Rico Mfg. Co. v. Trico Products Corporation, 1 Cir., 75 F.2d 706, 707, cited by defendants, is not in point. In that case and a companion case, appeals from interlocutory decrees were taken after final

decrees had been entered, and the appeals were for that reason dismissed. Here the appeal from the first decree was taken 13 months before the second decree was entered. The Rico decision does, it is true, contain the following statement, which, being unnecessary to the decision, is regarded as dictum:

"Had appeals from the interlocutory decrees been taken prior to [the date on which final decrees were entered], the District Court would have been without power on that date, or thereafter, to enter final decrees affecting the questions involved in the appeals from the interlocutory decrees, until the interlocutory appeals had been disposed of; and, if decrees covering such matters had been entered while the interlocutory appeals were pending, the decrees would not have been final."

The quoted statement is based on Draper Corporation v. Stafford Co., 1 Cir., 255 F. 554, decided in December, 1918, eight years prior to the 1927 amendment of section 129 of the Judicial Code, supra. That amendment—the purpose of which was to abrogate the rule stated in the Draper Case and similar cases—was not mentioned in the Rico decision and was apparently overlooked.

Petition denied.