(65 Misc. Rep. 20.)

## VAN CASTEEL v. HUTCHINS.

(Supreme Court, Appellate Term. November 1, 1909.)

1. APPEAL AND ERROR (§ 957*)—OPENING DEFAULT—REVIEW.

Exercise of the trial court's discretion in opening a default, where the court could properly have exercised its discretion in favor of either party, will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3823; Dec. Dig. § 957.*]

2. JUDGMENT (§ 169*)—DEFAULT—VACATION.

Where defendant's failure to appear at the call of the calendar was excusable, and was not occasioned by any misconduct on plaintiff's part, the imposition of $20 costs as a condition to opening a default was within the trial court's discretion.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 328, 329; Dec. Dig. § 169.*]

3. JUDGMENT (§ 167*)—DEFAULT—VACATION—TERMS—BONDS.

Defendant possessed no personal property, but had an interest in a trust fund entitling him to an annual income of $6,000, a part of which he was required to pay to his wife. When sued, he was absent in Europe, either to escape summons in a judgment creditor's action or for his health.

---

*Held* that, plaintiff having secured judgment by default, the court erred in requiring a bond to secure any judgment that plaintiff might recover as a condition to opening a default, since plaintiff could be placed in the same position he occupied before the default was vacated by allowing the original judgment to stand for security for any future judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 330; Dec. Dig. § 167.*]

Appeal from City Court of New York, Special Term.

Action by Gerald Van Casteel against Walter T. Hutchins. From so much of an order of the New York City Court directing defendant to pay plaintiff or his attorney $20, and to file a bond as a condition of opening a default, and from an order denying defendant's motion to reargue his motion to open the default or to resettle the first-mentioned order, he appeals. Order opening default modified and affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

James A. Allen, for appellant.
James S. McDonogh (Francis X. McDonough, of counsel), for respondent.

LEHMAN, J. The defendant failed to appear at the call of the calendar, and upon his default an inquest was taken, and judgment given for the plaintiff for the sum of $1,502.43. The defendant thereupon moved to open the default and vacate the judgment. The motion was granted upon payment of $20 and upon filing a bond for the said sum of $1,502.43. The defendant then moved for a reargument of the motion or a resettlement of the order. This motion was denied. The defendant appeals from the terms imposed by the first order, and from the denial of his second motion.

The affidavits read upon these motions present questions of fact, which the Special Term justice could properly, in his discretion, resolve in favor of either party, and the exercise of his discretion should not be disturbed upon this appeal. Since he has opened the default, he has apparently found either that the defendant was free from neglect, or that his neglect was excusable. Since he has granted the motion to open the default only upon terms, he has apparently found that the default was not occasioned by any misconduct upon the part of the plaintiff. He has certainly found that the defendant is entitled to his day in court, subject, however, to the right of the plaintiff to be protected from any injury arising by reason of the default of the defendant, not occasioned by the plaintiff or his attorney. Under these circumstances, the imposition of the $20 costs was clearly within the discretion of the justice, and we can consider only the requirement that a bond be given to secure the plaintiff upon a new judgment.

It is undisputed that the defendant possesses no personal property; that he has an interest in a trust fund, and is entitled to an annual income of $6,000; that he is required to pay a portion of this income to his wife; that he has creditors, and that at present he is in Europe, either to escape service of a summons in a judgment creditor's action or to benefit his health. The defendant's attorney, therefore, urges

that he cannot comply with the requirement to give a bond, that the defendant has no property to give as security for a possible judgment, and that the plaintiff will be amply secured if the default be opened and the inquest be set aside, and the judgment stand as security for any future judgment. I fail to see why the plaintiff is not fully protected by such terms. The defendant has no property which he can remove. The judgment now obtained cannot be enforced, except by a judgment creditor's action to reach the income of a trust fund. It is quite true that the defendant is asking a favor of the court, which the court may grant upon any terms that it sees fit to impose; but these terms are intended to protect the plaintiff, and not to give him an advantage which he would not have enjoyed, except for the default.

The order opening the default should, therefore, be modified, so as to provide that, if the defendant pays the sum of $20 to the plaintiff or his attorney, the said judgment be set aside, except as hereafter provided, and the defendant's default opened and the cause restored to the day calendar for trial, and that the judgment heretofore obtained herein stand as security for any judgment which the plaintiff may recover herein, and the said order, as so modified, should be affirmed, without costs to either party. All concur.