BARRETT v. OAKLEY, SHERIFF, ET AL.
(No. 1557; June 18, 1929; 278 Pac. 538)

For the plaintiff and appellant, there was a brief by *N. W. Reynolds* of Kemmerer, Wyoming, and *Walter Q. Phelan* of Cheyenne, and oral argument by *Mr. Phelan.*

For the defendant and respondent, there was a brief by *T. S. Taliaferro, Jr.,* and *Arthur Lee Taliaferro,* of Rock Springs, Wyo.

RINER, Justice.

The appellant, as plaintiff below, brought an action of replevin in the District Court of Lincoln County, to recover certain wool of the alleged value of $5073.57 and damages for its detention from D. C. Oakley, Sheriff of Lincoln

County, Wyoming, and the Mountain Trading Company, a corporation, as defendants. Oakley died during the pendency of the action, and as no substitution of parties was made, the Mountain Trading Company—hereinafter to be referred to as the "trading company" or as the "defendant"—is the only respondent here. Inasmuch as the property involved was never taken on the replevin writ, but was left in the possession of the defendants, the action proceeded as one for damages for conversion of the personal property already mentioned.

The defendants severally questioned the original service of process made upon them, with the ultimate result that on May 13, 1927, upon a precipe therefor filed by her counsel, plaintiff procured the issuance of another summons in the proceeding. This was served and return thereon made on the following day by the Sheriff of Lincoln County. So far as is material to be considered here, this return recited that service was made by delivering a copy of the summons, with its endorsements, together with a copy of the petition in the action, to one "A. M. King." For more than a year thereafter and until June 2, 1928, neither the plaintiff nor the trading company did anything to bring the cause at issue, as regards the defendant last mentioned.

On that date a notice, motion and affidavit were filed in the office of the Clerk of the District Court of Lincoln County. Copies of these papers had, that same day, been served by a deputy sheriff of the county, as the certificate of that official states, upon "A. M. King, Manager of the Mountain Trading Company, personally." The notice, omitting caption and signatures of counsel was in the following form:

"To the above named defendants, the Mountain Trading Company:
"You will please take notice that the plaintiff has filed her motion for leave of court to amend the Sheriff's Return; you are further notified that this motion will be heard by the court at two o'clock P. M. on June 5th, or as soon thereafter as the matter may be heard."

The motion sought leave of court and an order "that the sheriff be permitted to amend his return by adding thereto after the words " 'A. M. King' the words 'the manager and Agent in charge of the office of the defendant, the Mountain Trading Company.' "

The affidavit was signed by the Sheriff of Lincoln County and in substance set out that it was made in support of the aforesaid motion for leave to amend his return on the alias summons; that he received such alias summons in the action above described and served the same by delivering it, with a copy of the petition, "to A. M. King, who was at that time the Manager and the Agent in charge of the office of the Defendant, the Mountain Trading Company, a Corporation; that he thereafter made due return of said service, and that by an error of omission in said return, he failed to state that the said A. M. King was the Manager and Agent in charge of the office of the Mountain Trading Company, a Corporation. That this affiant knows now and knew at the time of said service that the said A. M. King was the manager and Agent in charge of the office of the defendant, the Mountain Trading Company, a Corporation."

On the 5th day of June, 1928, notwithstanding the notice above recited, no hearing was had and nothing apparently was done in the case, except that the trading company filed a motion to strike plaintiff's motion for leave to amend the sheriff's return, on the ground that the supporting affidavit was a nullity. The record on this day does not show any resetting of the hearing on the motion for leave to amend for a future date, or that any further notice was given to the trading company or its counsel when the matter would or could be presented to be heard by the court. Nevertheless, the following day, the court proceeded to hear and dispose of both of the aforesaid motions. At this hearing the trading company was unrepresented, either by agent or counsel. An order was immediately entered by the court denying the motion to strike and sustaining the motion for leave to amend the sheriff's return. A further order was

made the same day, June 6, 1928, amending the return in accordance with the prayer of the motion so sustained. Thereupon plaintiff filed a motion, asking that the default of the trading company be entered and that judgment be given against it for failure to plead to plaintiff's petition, as required by law. The default of the defendant was forthwith noted by the court, and after hearing plaintiff's witnesses, a judgment in her favor, against the trading company, was rendered for the principal sum of $5,073.57 and $1105 interest. At this hearing, also, the trading company was unrepresented.

Three days later, or on June 9, 1928, the trading company, by its counsel, filed a motion to vacate and set aside the judgment thus entered, alleging want of notice on its part that the cause was to be tried upon the merits. Thereafter and on the 13th and 14th of June, 1928, respectively, the trading company filed two supplemental motions to set aside the aforesaid judgment, the last one being supported by affidavit of counsel and asserting in substance, *inter alia,* that the proceedings in the case on the 6th day of June, 1928, were had without the matter being set for hearing, and without any notice to the trading company thereof. This motion also averred that the trading company had a good and valid defense to the action, in that the property mentioned in plaintiff's petition never was owned by her, but in fact belonged to another, by whom it was agreed that it should be held by the defendants in satisfaction of a judgment in favor of the trading company. Counter-affidavits were filed by plaintiff on June 29, 1928, denying the truth of the matters claimed as a defense by the trading company.

On the date last mentioned, both parties having been notified by registered mail of a court order setting the matter for hearing, and being represented by counsel, the court heard the several motions to vacate the judgment of June 6, 1928, and on June 30, 1928, entered an order setting aside and vacating that judgment and granting the trading

company ten days to answer plaintiff's petition, and plaintiff ten days thereafter to reply. Plaintiff was allowed her exceptions to this order and in apt time prosecuted this appeal from it. All of the proceedings had in the cause during the month of June, 1928, were had during the May, 1928, term of the District Court of Lincoln County. The record shows that the trading company filed its answer within the time fixed by the order from which this appeal is taken.

For appellant it is claimed that it was an abuse of discretion on the part of the District Court and hence reversible error for the court to make the order vacating the judgment of June 6, 1928, and allowing the defendant to file an answer to plaintiff's petition. In connection with this contention may well be considered the language of this court in McDaniel v. Hoblit, 34 Wyo. 509, 245 Pac. 295. That case, too, was a replevin action and a default judgment had been entered there as here. But there the lower court refused to set aside the default, and the appeal was from its order in that respect. The judgment was entered October 1, 1923, but no application to vacate it was filed until January 8, 1924—that date being, however, at the same term as its entry. The difficulty in that case arose because of the alleged inexcusable neglect of counsel for the defendants and his claimed violation of his clients' instructions concerning the cause. In reversing the order declining to set aside the judgment, it was said in part:

"In reviewing the action of a trial judge on a motion to vacate a judgment at the same term, we must bear in mind that he is exercising a discretion, and his decision must stand unless the discretion has been abused. A decision must depend on the facts of the particular case. Where, because of the negligence of his attorney, a client has been deprived of the opportunity to be heard on the merits, and makes prompt application at the same term for a vacation of the judgment, we do not think it would be an abuse of discretion for the trial judge to grant the relief if it can be done without prejudice to the rights of the other party. And by prejudice to the rights of the other party is

meant, without loss to him other than such as may result from establishing the claim or defense of the party applying. Levy v. Joyce, 1 Bosw. 622.''

The manner in which an appellate court looks at a matter of the sort now under review, is, according to the authorities, considerably different from its attitude when the trial court has declined to set aside a default judgment and the appeal is prosecuted from such refusal. In Barto v. Sioux City Electric Co., 119 Iowa 179, 93 N. W. 268, the court used the following language:

''It is well to state that, to justify interference by this court with a ruling on a motion of this kind, a much stronger showing of abuse of discretion in the trial court must be made when the default has been set aside than where it has been denied. Courts almost universally favor a trial on the merits, and, when there has been a reasonable excuse shown for the default, there should be no objection to such a trial to those who are reasonably diligent.''

The same court, in the later case of Gray v. Bricker, 182 Iowa 816, 166 N. W. 284, adhered to the same view of the point, saying:

''Though not strong, the showing was not void of merit. ''Courts favor hearings on the merits, and only on a clear showing of abuse of the large discretion with which a trial court is clothed will its order in setting aside default and allowing a hearing on the merits be interfered with on appeal. Mally v. Roberts, 167 Iowa 523, 149 N. W. 630. We are not inclined to interfere in this case.''

To the same effect is the case of Muth Realty Co. v. Timmerberg, 178 Mo. App. 654, 161 S. W. 589, where it was said:

''Here, as in the case of default judgment in general, the appellate courts look with favor upon the exercise of the lower court's discretion in favor of a trial on the merits and are less apt to interfere when the judgment is set aside than when it is not. See Armstrong v. Elrick, 177 Mo. App. 640,

160 S. W. 1019; Hall v. McConey, 152 Mo. App. 1, 132 S. W. 618; Parks v. Coyne, 156 Mo. App. 379, 137 S. W. 335; Currey v. Zinc Co., 157 Mo. App. 423, 139 S. W. 212.''

Knotts v. Tuxbury, 69 Ind. App. 248, 117 N. E. 282, briefly states the principle in these words:

''Appellate courts are very reluctant to disturb the trial court's action in setting aside a default and permitting a trial on the merits. Neat v. Topp, 49 Ind. App. 512, 97 N. E. 578.''

So in McConnell v. Margulies, 39 S. D. 563, 165 N. W. 990, the court remarked:

''But the application for relief in this class of cases is addressed to the sound discretion of the trial court, and, as was said in Cowie v. Harker, 32 .S. D. 516, 143 N. W. 895:
'' 'The exercise of that discretion will not be reviewed by this court, except in cases where there has been a clear abuse of such discretion, and a much stronger case must be made as to the abuse of such discretion where the court has granted the motion than in a case where the motion has been denied.' ''

The first paragraph of the syllabus in Van Casteel v. Hutchins, 65 Misc. Rep. 20, 119 N. Y. S. 170, correctly reports the decision concerning the matter in which we are interested here, as follows:

''Exercise of the trial court's discretion in opening a default, where the court could properly have exercised its discretion in favor of either party, will not be disturbed on appeal.''

Speaking of the duty of the trial court in considering a motion to set aside a default, the court, in Coos Bay etc. Co. v. Endicott, 34 Or. 573, 57 Pac. 61, quoted with approval the language of the Supreme Court of California to this effect:

"Each case must be determined upon its own peculiar facts, for perhaps no two cases will be found to present the same circumstances for consideration. As a general rule, however, in cases where, as here, application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend, in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and, when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application."

Again, in Beadle v. Harrison, 58 Mont. 606, 194 Pac. 134, the principle is stated in this language:

"A stronger showing of an abuse of discretion should be made to warrant a reversal where the trial court has opened a default than where it has refused to do so, for the courts almost universally favor a trial on the merits, and where there has been a reasonable excuse for the default offered with reasonable diligence, such a trial should be had. Farmers' Co-operative Ass'n v. Roper, 57 Mont. 48 (on motion for rehearing), 188 Pac. 141; Collier v. Fitzpatrick, 22 Mont. 553, 57 Pac. 181; Greene v. Montana Brewing Co., 32 Mont. 102, 79 Pac. 693; Westphal v. Clark, 46 Iowa 263."

In Durbrow v. Chesley, 24 Cal. App. 416, 141 Pac. 631, we find the point considered thus:

"It is the rule that an order setting aside a default judgment will not be reversed, except where an abuse of discretion is shown in making it (Merchants' Ad-Sign Co. v. Los Angeles, 128 Cal. 619, 61 Pac. 277); and any doubt that may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. 'The appellate court will, therefore, be less inclined to reverse an order granting, than one refusing, an application to open a default.' Jergins v. Schenck, 162 Cal. 747, 124 Pac. 426. See also, O'Brien v. Leach, 139 Cal. 220, 72 Pac. 1004, 96 Am. St. Rep. 105."

See also Chandler Milling etc. Co. v. Sinaiko, 201 Iowa 791, 208 N. W. 326; Combination Fountain Co. v. Rogers, 186 S. W. (Tex. Civ. App.) 407; Waybright v. Anderson, 253 Pac. (Cal.) 148; Nicoll v. Weldon, 130 Cal. 666, 63 Pac. 63; Harkness v. Jarvis, 182 Mo. 231, 81 S. W. 446; Wheeler v. Castor, 11 N. D. 347, 92 N. W. 381, 61 L. R. A. 746.

Concerning an application to vacate, made during the term at which the judgment was rendered upon a default taken, this court, after pointing out that the matter was addressed to the sound discretion of the trial court, indicated the following as a guide for the latter in such situations:

"An application of this character to be successful must present facts showing surprise, misfortune, mistake, or excusable neglect, and that if the judgment is allowed to stand, an injustice will be done. It should not be done for light and trivial causes." Kelly v. Eidam, 32 Wyo. 271, 231 Pac. 678.

Viewing the record before us in the light of these decisions, we find ourselves unable to say that the trial court abused its discretion. Section 5716, W. C. S. 1920, provides:

"When notice of a motion is required, it must be in writing, and shall contain the names of the parties to the action or proceeding in which it is made, the name of the court or judge before whom it is to be made, the place where and the day on which it will be heard, the nature and terms of the order or orders to be applied for, and, if affidavits are to be used on the hearing, that fact shall be stated; and the notice shall be served a reasonable time before the hearing."

The statute, it will be observed, is silent as to just what motions should be heard upon notice. While there is disagreement in the authorities (see 32 Cyc. 539, and cases cited; Montgomery v. Merrill, 36 Mich. 97; Wade v. Wade,

92 Or. 642, 176 Pac. 192, 178 Pac. 799, 182 Pac. 136, 7 A. L. R. 1143), as to when a notice should be given to an adverse party before an amendment of a sheriff's return should be allowed, where an extrinsic showing is necessary, still in the case at bar, either plaintiff evidently thought it should be served, or the court required it. Perhaps there is no better statement of the necessity for notice to be served, where nothing appears in the statutes on the matter, than as stated in Hellier v. Loring, 242 Mass. 251, 136 N. E. 248, where the court said:

"Where the principles of natural justice demand that rights be not affected without an opportunity to be heard, then, notwithstanding the silence of the statute, courts will not proceed to an adjudication without notice and hearing. Nazro v. Long, 179 Mass. 451, 455, 61 N. E. 43, and cases collected; Parker v. Lewis J. Bird Co., 221 Mass. 422, 109 N. E. 368."

The plaintiff having undertaken to give a notice of the hearing on the motion for leave to amend the sheriff's return on the alias summons, she should have embodied in that notice the matters required by the statute we have mentioned. It will be observed that she did not do this. The place where the hearing would be had is not stated. While the day of the month for the hearing is mentioned, no year is given. Assuming that the ensuing 5th of June was meant, the record shows that nothing was done in the case on that day other than the filing of the motion to strike by the trading company. While this last motion was improper practice (North Laramie Land Co. v. Hoffman, 27 Wyo. 271, at 284, 195 Pac. 988, 992, and cases there cited), it at least made plain to all the parties to the record and to the court that the trading company desired to contest granting the motion for leave to amend the sheriff's return. On the following day, without an order setting the matter for hearing and without further notice to the trading company, the court, upon plaintiff's request, took up and acted upon both the motion for leave to amend and the

motion to strike it. The return on the process being immediately amended pursuant to order of court, the default of the trading company was forthwith entered, also upon plaintiff's motion, her witnesses sworn and the judgment of June 6, 1928, entered.

It would appear that with such a situation presented on the motion to vacate that judgment, the trial court might well conclude that elements of surprise and mistake had improperly deprived the trading company of its rights in the premises and that it was entitled to make its defense to the action. In its motion to vacate the judgment, it certainly alleged matters which, if proven, constituted a good defense to plaintiff's action. That motion was filed but a few days after the entry of the judgment, thus displaying a prompt endeavor to obtain the relief sought. It will be remembered that in the Hoblit case, supra, several months had elapsed before relief against the judgment there was asked. We cannot see that the trial court abused its discretion in setting aside the judgment and directing the case to be tried on its merits.

It was suggested at the argument that the defendant has occasioned great delay in the cause, because of dilatory motions filed and urged. Undoubtedly the record does show that this litigation has moved with rather a snail-like pace, but it is apparent that the cause of that is not wholly to be laid at the door of the respondent here. The alias summons in the case was issued May 13, 1927. The sheriff's return—the cause of all this trouble—was made and filed the 14th of that month. Notwithstanding that this return on file in the clerk's office of the Lincoln County District Court showed on its face no service upon the trading company, plaintiff made no move to get the matter set right until June 2, 1928—more than a year later.

Our conclusion is, accordingly, that the order appealed from should be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.