**Burton O. BARBER, Appellant (Defendant below),**

v.

**Helen O. BARBER, Appellee (Plaintiff below).**

No. 2905.

Supreme Court of Wyoming.

Feb. 8, 1960.

Maurer & Garst, Douglas, for appellant.

J. B. Sullivan, Douglas, for appellee.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

PARKER, Justice.

On March 6, 1958, plaintiff was granted a decree of divorce from the defendant by the District Court of Converse County. The decree recited that the parties had been unable to agree as to the division of the property accumulated by them during their marriage; allocated some personal effects to the parties; described in detail the remaining property;[1] and appointed two joint receivers, requiring that they "appraise the same and proceed to sell said property for the highest and best prices obtainable * * * either at public or private sale." On March 31 the receivers filed a "First Account and Report of Receivers" in which they recited the inventorying and disposition of certain property, the retention of other property proposed for distribution to the parties, and requested the court's approval, confirmation, and further direction.

On April 8 defendant filed "Protest Against Confirmation" in which he alleged various irregularities and improprieties regarding the actions of the receivers, praying that the sales of the property be not confirmed, and that the property be sold to the highest and best bidder. On April 24 the receivers filed "Answer to Protest Against Confirmation." Thereafter on May 20 the presiding judge *without* conducting a hearing upon the protest and answer entered an order approving ·and confirming certain of the sales; directing that the residence and furniture be sold to plaintiff and the oil royalties to defendant at the appraised values; and authorizing disposition of certain other property as the receivers in their discretion deemed best. On June 11 defendant filed "Exception to Order and Protest." On June 27 the receivers filed "Final Account and Report of Receivers." On August 4 the presiding judge conducted a hearing on the propriety of the sales and the division of property. On September 5 the receivers filed "Supplemental Account to Final Report of Receivers." On September 17 the court entered an order reciting the hearing of August 4 as a basis for approving the "Final Account and Report of Receivers," directed payment of costs as listed in the final account and supplemental account, and directed the discharge of the receivers upon completion of the payments. Thereafter, on October 23, the receivers filed "Supplemental Final Account and Report of Receivers." On November 19 the court approved the supplemental final account and report of the receivers.

The present appeal is taken from the final order which in effect confirmed the manner in which, and the price for which, the property accumulated by the parties was sold and distributed. The burden of defendant's protest is centered around the

---

1. Retail dry goods store located in Glenrock; cattle, livestock, and farm equipment; oil royalties; a dwelling in Glenrock; vacant lots in Glenrock; a Ford automobile; certain stocks and bonds.

following claimed irregularities in the sales of the property:

(1) The store in Glenrock was sold privately to plaintiff at a compromise price without being offered to anyone else.

(2) The cattle were improperly sold to an appraiser at a price less than could have been obtained for them.

(3) The furnished residence in Glenrock should have been offered at public sale rather than to plaintiff at the appraised price.

(4) The Ford automobile was sold for less than the appraised value without having been offered to persons other than the plaintiff.

■ In the oral argument before this court, counsel for defendant upon interrogation indicated that because of transfers to third parties the alleged irregularities in the sales of the property could not be expediently remedied except as to the residence. Although the propriety of the entire proceedings must be discussed, this opinion will address itself solely to relief on the one aspect. A court will not consider contentions which have been waived. Fox v. Fox, 75 Wyo. 390, 296 P.2d 252; Goldberg v. Miller, 54 Wyo. 485, 93 P.2d 947, 96 P.2d 570.

The decree which appointed the appraisers, described the property to be administered by them, and directed its sale, does not recite the authority under which the action was taken, but we presume that this was under §§ 1–990—1–999, W.S. 1957. If so, the powers of the receivers were limited by § 1–993 to the taking of possession and control of the property, making transfers, and doing such acts as the court authorized.

■ Perhaps we should first discuss the arguments presented by the parties. Defendant implies that the sale of the cattle was improper because an appraiser purchased them. We doubt if the authorities justify this view. Although it is universally agreed that a person participating in the handling of a judicial sale should not be a purchaser,[2] it has been held that the determining factor is the appraisal with the view to becoming a purchaser. This matter should not be passed, however, without our observing that purchase by an appraiser is contrary to the spirit of the law, is likely to lead to misunderstanding, and should be avoided both by participants and the court in charge of the sale.

Defendant argues that part of the property was divided rather than sold, that even the portions put up for sale did not go to the highest and best bidders, and that in general there was a careless administration of the entire transaction. He quotes authorities saying that a receiver is a ministerial officer of the court, should represent both parties, and that it is the duty of the court to supervise and direct its receivers to see that the property is handled to the best interests of the parties concerned. He urges further that there was abuse of discretion in the approval by the court of the receivers' activities.

Plaintiff responds that the receivers acted in a competent, conscientious manner as officers of the court, and that from a practical standpoint they did what was to the best interests of the parties. Counsel relies upon statements in the text of 53 C.J. pp. 213, 214 (75 C.J.S. Receivers § 243), that the scope of a hearing upon a report of sale by a receiver is confined to the face of the proceedings (except for fraud) and that a court will disturb a sale or refuse to confirm only with reluctance and caution. He also refers to 45 Am.Jur. Receivers § 391, where it is stated that under sale by receivers the court has full power to order the disposition of the property in such manner as may seem to be for the best interests of the persons concerned.

■ We think that the irregularities disclosed by the record in this case present problems which can scarcely be solved by generalities or axioms. The court at the time of the entry of the decree had full authority to dispose of the property of the

2. 50 C.J.S. Judicial Sales § 14; 30A Am.Jur. Judicial Sales § 147.

litigants[3] and did purport to do this by directing the sale of all property (with the exception of certain personalty) and the distribution of the proceeds, one-half to plaintiff, one-half to defendant. The court was also justified in appointing the receivers under §§ 1–990—1–999, but the receivers were specifically limited to following the directions of the court. This they failed to do and the "First Account and Report of Receivers," in fact a report of disposition of the property and a request for confirmation, disclosed on its face that in certain instances the property was not sold to the highest and best bidder either at public or private sale. Portions of the property were allocated to each of the parties as was deemed best by the receivers. Within our knowledge, there is no basis either statutory or otherwise for such delegation of authority.

Even had the receivers acted within the limited scope of the court's order and sold the property to the highest and best bidders, it would have been necessary to permit a hearing upon defendant's protest. Plaintiff urges that the hearing on an application for confirmation is limited to the face of the proceedings, and we think this is correct, but even so, all interested persons are entitled to be heard before a judicial sale is confirmed by final decree.[4] The hearing, or an opportunity to be heard, is an essential element of due process of law.[5] In L. C. Jones Trucking Co. v. Superior Oil Co., 68 Wyo. 384, 234 P.2d 802, we noted that a party to be affected by a personal judgment must have his day in court or an opportunity to be heard. In Barrett v. Oakley, 40 Wyo. 449, 278 P. 538, we said that where the principles of natural justice demand that rights not be affected without an opportunity to be heard, then, notwithstanding the silence of the statute, courts will not proceed to an adjudication without notice and hearing. In the present case, it would seem that defendant had actual notice and therefore the point is not pivotal, but the determination of the cause without a hearing is fatal. We think a court abuses its discretion when it purports to determine matters which affect the substantial rights of litigants without providing an opportunity to be heard. In a situation such as the one at bar, the hearing to be effective must be *before* confirmation and not afterward since ordinarily the confirmation of a judicial sale by a court of competent jurisdiction cures all irregularities in the proceedings leading up to or in the conduct of the sale,[6] and courts are reluctant to disturb sales which have been confirmed.[7] Here the proceedings on the face at the time of the court's order on May 20 raise a serious question as to the adherence by the receivers to the authority granted them by the court's appointment. Certainly such a matter could not be resolved by the court according to due process by an ex parte determination of any nature.

From what we have said, it follows that the district court's order of May 20 might well have been challenged on all matters relating to confirmations of the purported sales; but defendant having limited his request for relief, the orders of confirmation are affirmed except as to the residence property.

The order of the district court dated May 19, 1958, and filed May 20, 1958, and the succeeding orders in the cause insofar as they relate to the disposition of the residence located on Lots 13 and 14, Block 26, Original Town of Glenrock, Wyoming, are held to be of no force and effect; and it is directed that the court reopen the cause, vacate the orders in the respect mentioned,

3. § 20–63, W.S.1957.

4. Seder v. Kozlowski, 311 Mass 30, 40 N.E. 2d 14; Eastern Bridge & Structural Co. v. Worcester Auditorium Co., 216 Mass. 426, 103 N.E. 913; Old Colony Trust Co. v. Great White Spirit Co., 181 Mass. 413, 63 N.E. 945.

5. 16A C.J.S. Constitutional Law § 622.

6. Raymond v. Gilman, 111 Conn. 605, 151 A. 248.

7. 75 C.J.S. Receivers § 246.

and proceed with proper steps to have the said residence property sold for the best price obtainable, both parties being allowed to submit secret and sealed bids—the proceeds thereof being divided between the parties.

Affirmed in part; reversed in part.