Argued March 1, affirmed April 15, 1976

STAFFORD, *Respondent,*

*v.*

ADAMS et al, *Defendants,*
INVESTORS EQUITY EXCHANGE, INC.,
*Respondent,*
WHITELEY et al, *Appellants.*

548 P2d 496

Argued and submitted March 1, 1976.

*Conrad B. Houser,* Salt Lake City, Utah, argued the cause for appellants John M. Whiteley, F & L Invest-

ments, Incorporated, and Intermountain Capital Corporation of Utah. With him on the brief were Robert J. De Bry of De Bry, Landerman, Rodgers & Houser, Salt Lake City, Utah, and Ray W. Shaw of Webb & Shaw, Salem.

*Leo R. Beus* of Jennings, Strouss & Salmon, Phoenix, Arizona, argued the cause for respondents C. M. Stafford and Investors Equity Exchange, Inc. With him on the brief were Lawrence F. Cooley and Cooley & Honsowetz, Eugene.

BRYSON, J.

## BRYSON, J.

The defendants John M. Whiteley,[1] Intermountain Capital Corporation of Utah, and F & L Investments, Incorporated, appeal from the trial court's order confirming the sheriff's sale of real property under a writ of execution. The property sold was an apartment building in Albany, Oregon. The sale was held on February 21, 1975, at 11:00 a.m., after defendants had notice thereof.

Defendants contend the court erred in finding there were no "substantial irregularities in the sheriff's sale" and particularly in finding that plaintiff did not breach his agreement with defendants to have the sheriff's sale postponed.

The trial court found that the objections to the sheriff's sale "are without merit and that said proceedings and sale were regular in all aspects and that there were not any substantial irregularities in the proceedings to the probable loss or injury of the judgment debtors [defendants]." He also found there was no evidence offered "about the value of the property foreclosed upon. * * * I can see no valid reasoning on the part of Mr. Whiteley. [W]here is he going to be injured by this.[?] He has a right to redeem."

ORS 23.490, as pertinent herein, provides:

"Whenever real property is sold on execution, the provisions of this section shall apply to the subsequent proceedings, as follows:

"(1) The plaintiff in the writ of execution is entitled, on motion therefor, to have an order confirming the sale at any time after the expiration of 10 days from the date of filing the return of sale, unless the judgment debtor, or in case of his death, his representative, files with the

---

[1] Mr. Whiteley is president of F & L Investments, Incorporated, and is a shareholder of Intermountain Capital Corporation of Utah, which owns F & L Investments, Incorporated. Mr. Whiteley represented all defendants at the hearing and executed the affidavit in support of the motion to deny the order confirming sale on behalf of all defendants; for all purposes here, the defendant is Mr. Whiteley.

clerk within 10 days after the return of the execution, his objections thereto.

"(2) If such objections are filed, the court or judge thereof shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion it satisfactorily appears that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting. In the latter case, the court or judge shall disallow the motion, and direct that the property be resold, in whole or in part, as the case may be, as upon an execution received of that date.

"* * * * *."

ORS 23.470 provides:

"If, at the time appointed for the sale, the sheriff * * * deems it for the advantage of all concerned to postpone the sale for want of purchasers, or other sufficient cause, he may postpone the sale * * *."

The trial court, after granting defendants a full hearing and receiving their testimony, entered its order confirming the sheriff's sale of the property. Defendants appeal.

On February 19, 1975, two days prior to the date scheduled for the sale, Whiteley flew to Oregon from Utah and met with plaintiff in an attempt to delay the sale. On the advice of counsel, plaintiff rejected Whiteley's overtures. Being unsuccessful, Whiteley returned to Utah on February 20, 1975. On the morning of the scheduled sale, February 21, 1975, at approximately 9 a.m., Whiteley telephoned plaintiff from Utah in a last-minute effort to stop the sheriff's sale.

Whiteley testified that his telephone conversation with plaintiff resulted in an agreement wherein plaintiff promised to postpone the sale in exchange for certain assurances. To the contrary, there is evidence that plaintiff only promised to consult with Whiteley's attorney in Albany, Oregon, that morning.

When he arrived at Whiteley's attorney's office,

plaintiff was advised "* * * to consult with your own attorney about this matter * * *." Plaintiff tried unsuccessfully to telephone his attorney and then left "to talk to my attorney." Plaintiff testified:

"A I reached an agreement with him this way: At no time did I ever say that I would postpone the sale for sure.

"Q What did you say, then.

"A I said I would try."

Before leaving Mr. Whiteley's attorney's office he was given the following written memorandum which was received in evidence:

"* * * * *.

"John M. Whiteley, in consideration of a postponement of said Sheriff's sale, agrees as follows:

"1) To pay to you the sum of $1,000.00. It is understood that said $1,000.00 is in addition to any sums owed in the above-described foreclosure suit.

"2) To pay any legal costs involved should another Sheriff's sale be necessary.

"3) To waive any objections he may have with respect to the receiver's fees requested by Nadine Myers in the above-described foreclosure suit.

"* * * * *."

The evidence further shows that no agreement was ever executed and plaintiff did not receive the $1,000. Shortly before the sheriff's sale he was advised by his attorney that the sale could not be postponed. This was caused in part by the decree of foreclosure which adjudged Investors Equity Exchange, Inc., to have a valid judgment lien against the property for the amount of $67,001.30, together with interest, which was inferior to the lien of plaintiff Stafford. Investors Equity Exchange, Inc., was a party defendant at trial but is a defendant-respondent on appeal. In fact, it, through Mr. Beus, assignee, was the purchaser of the property at the sheriff's sale for the sum of $91,998.86, which included cash together with the judgment lien arising out of a fraud action against defendants John

M. Whiteley, Intermountain Capital Corporation of Utah, and F & L Investments, Incorporated, which we affirmed in *Investors Equity Exch. v. Whiteley,* 269 Or 309, 524 P2d 1211 (1974).

The main issue is whether the agreement defendants relied on was ever consummated or whether plaintiff accepted Whiteley's offer. While there is conflicting evidence, it strongly preponderates in favor of the plaintiff. It would appear from the transcript that the trial court questioned the credibility of witness Whiteley, and we reach the same conclusion.

■  ORS 23.490 favors the validity of the sheriff's sale. Any irregularity must be substantial and of a degree sufficient to cause "probable" loss or injury to the objecting party before the court should be required to deny confirmation of the sheriff's sale.

> "* * * If the proceedings all appear to be fair, if no undue advantages have been taken, if the prices realized are not disproportionate to the value of the property sold, then the sale cannot be avoided, except for irregularities of the gravest character. * * *
>
> "* * * * *.
>
> "The sale may be vacated for oppression, or fraud on the part of the plaintiff, as where he * * * violates his agreement to postpone a sale * * * ." 2 Freeman, Law of Executions 1797, 1801, § 308 (3d ed 1900).

See also 3 Bancroft and Whitney Code Practice and Remedies 2660, § 2027 (1927), and Kleber, Void Judicial and Execution Sales § 383 (1899).

■  We have reviewed all of the testimony and conclude that no agreement was entered into to postpone the sheriff's sale, and there is no evidence of probable loss or injury to defendants, the objecting parties.

■  The judgment debtor also contends that fraud tainted the sale. However, the motion and affidavit to deny the order of confirmation of sale makes no allegation of fraud and there was no evidence of such adduced at the hearing. The defendants admit in their

brief "* * * that fraud was involved * * * [is] not fully depicted by the facts as presented in the transcript." We conclude that the trial court did not err in finding that there were no "substantial irregularities" attending the sheriff's sale.

Affirmed.