**TZ LAND & CATTLE CO., INC., Appellant,**

v.

**Thomas GRIEVE, Receiver, Appellee.**

**Thomas GRIEVE, Receiver, Appellant,**

v.

**TZ LAND & CATTLE CO., INC., Appellee.**

**Nos. 94–47, 94–48.**

Supreme Court of Wyoming.

Dec. 16, 1994.

Joel M. Vincent of Vincent & Vincent, Riverton, for TZ Land & Cattle Co.

Kermit C. Brown of Brown, Erickson & Hiser, Rawlins, for Thomas Grieve.

Before THOMAS, MACY, TAYLOR, JJ., and BRACKLEY and PRICE, District Judges.

BRACKLEY, District Judge.

In these appeals, we are asked to determine if the district court erred: In awarding a real estate appraiser's fee which is claimed not to be congruous with the governing statute; and in denying a receiver's request for attorney's fees incurred in collecting receiver's fees ordered in a final judgment.

We affirm.

## ISSUES

In Case No. 94–47, TZ Land & Cattle Co., Inc. (TZ), describes this issue:

Whether the district court, in awarding appraiser's fees in this matter, exceeded the authority to award such fees as set forth in § 1–17–341, W.S.1977.

Thomas Grieve, the receiver, responds:

Whether the District Court acted properly and in accordance with law in allowing appraiser's fees in the sum of $2,288.59 incurred by the receiver on execution to realize fees awarded to the Receiver and to his counsel by the District Court in the *Final Judgment* entered on January 12, 1989, in * * * Carbon County Civil No. 82C–219

In Case No. 94–48, the receiver asks:

Whether the District Court acted properly and in accordance with law in denying that portion of the *Receiver's Motion for Costs, Application of Certain Sums Tendered and for a Deficiency Judgment* filed

on September 28, 1993, asking the court to award attorney's fees in the sum of $1,860.00 incurred by the receiver on execution to realize fees awarded to him and to his counsel by the District Court in the *Final Judgment* entered on January 12, 1989, in * * * Carbon County Civil 82C–219.

TZ restates that question:

Whether attorney's fees may be properly awarded as a cost of execution upon a judgment.

## FACTS

Alden, Aurilla, and Karen Condict initiated this case in 1982, seeking dissolution of a partnership and partition of real property. Win and Elsie Condict were their principal adversaries. Thomas Grieve was appointed as receiver to collect and manage assets pending resolution of the litigation. A final judgment in that action was entered on January 12, 1989.[1] Among other things, said judgment provided that: Win and Elsie Condict pay the receiver's fees of $2,821.69, and related attorney's fees of $4,442.76; execution could issue in the event of nonpayment; the judgment constituted a lien on real property set over to Win Condict in a 1985 judgment; and the receiver be discharged from his duties. Neither Win nor Elsie Condict paid all of these fees when due. Eventually, the real property upon which execution was to be levied was transferred to TZ. In March of 1993, Grieve filed a notice of levy against property held by TZ, seeking his unpaid receiver's fees, plus interest. TZ unsuccessfully attempted to set aside the notice of levy. On August 5, 1993, the Carbon County Sheriff executed documents entitled "Designation of Qualified Appraiser," appointing an appraiser of the real property in accordance with WYO.STAT. § 1–17–316 (1988). The appraiser filed a detailed "Appraisal Report" giving an opinion of value regarding the real property subject to execution. For that work, the appraiser charged a fee of $2,288.59

On September 12, 1993, TZ tendered a check in the amount of $7,070.22, signed by Win Condict, toward payment of the 1989 final judgment. The receiver did not accept that check as payment in full. On September 28, 1993, the receiver asked the district court for: $5,855.78 toward the unsatisfied principal amount of the 1989 judgment; $919.46 toward statutory interest on the 1989 judgment principal; $175.95 for publication costs relating to the execution; $2,288.59 for the appraiser's fee; and $1,860.00 for attorney's fees incurred in collecting receiver's fees awarded in the 1989 judgment.

On December 1, 1993, the district court entered its "Judgment for Costs, Application of Certain Sums Tendered and for a Deficiency" which gave the receiver judgment for all sums requested, except the $1,860.00 for attorney fees. The latter sum was specifically denied because no authority was presented in support of the fees.

## DISCUSSION

We first address TZ's objection to the award of appraiser's fees. When one levies execution upon real property in Wyoming, WYO.STAT. § 1–17–316(a) requires an appraisal:

(a) The officer who levies execution upon real property shall designate a qualified appraiser or three (3) disinterested property owners who are residents of the county where the lands taken in execution are situate and administer to the appraiser or to the property owners an oath to view and impartially appraise the value of the property levied upon or any interest of the judgment debtor. The appraiser or the property owners shall return to the officer as soon as possible a signed estimate of the appraised value.

Thus, an appraisal may be accomplished by a "qualified appraiser" or by "three (3) disinterested property owners." For purposes of our analysis, it is important to note the words "qualified appraiser" were added to this statute via a 1988 amendment. 1988 WYO.SESS.LAWS ch. 37, § 2.

---

1. The appeal in the principal case was dismissed for failure of the appellants, Win and Elsie Condict, to adhere to the Wyoming Rules of Appel-
late Procedure. *Condict v. Condict,* Case No. 89–51 (dismissed by order entered on January 24, 1990).

TZ contends appraisers may only be paid $3.00 per day, as provided in WYO.STAT. § 1–17–341 (1988):

> Each appraiser of real estate under W.S. 1–17–301 through 1–17–345 shall receive three dollars ($3.00) per day and one dollar and fifty cents ($1.50) per half day for his services, to be collected on the execution.

▆▆▆ With the exception of the 1988 amendment, which added "qualified appraisers" to § 1–17–316(a), the sequence of statutes which govern "Lien of Judgment and Enforcement by Execution" have remained unchanged since their passage in 1886, except for renumbering. Section 1–17–341 was *not* amended in 1988. The specific question we must answer is whether the $3.00 fee-limit applies to the circumstances of this case.[2] It is obvious that the legislature, years ago, intended § 1–17–341 to provide compensation for disinterested property owners who might be called upon to give an opinion, as appraisers, concerning the value of real estate. It is not logical to assume the legislature, in 1988, expected officials executing on real property to hire a professional appraiser for $3.00 per day. *See State of Wyoming ex rel. Albany County Weed & Pest Dist. v. Bd. of County Commissioners*, 592 P.2d 1154, 1156–57 (Wyo.1979). By legislative silence, trial courts are left with the responsibility of approving fees for "qualified appraisers" under the circumstances presented here. In similar contexts a "reasonable" fee is the standard. WYO.STAT. § 1–32–122 (1988); WYO.STAT. § 2–7–404 (Supp.1994); WYO.STAT. § 17–17–141 (1989); WYO.STAT. § 17–21–701(j) (Supp.1994); WYO.STAT. § 24–3–116 (1993); WYO.STAT. § 24–5–115 (1993); WYO.STAT. § 24–9–103 (1993); WYO.R.CIV.P. 71.1(h)(5); WYO.R.EVID. 706(b). The reasonableness of this appraiser's fee is unchallenged. So, the district court properly awarded the appraiser's fee herein.

▆▆▆ Next, we address the receiver's contention that the district court erred in denying an award of attorney's fees incurred in aid of the execution. In the December 1993 judgment, the district court determined the

receiver failed to present authority supporting the attorney's fee request. Thus, it was not allowed. We agree with the district court's decision. The 1989 final judgment awarded receiver a fee and discharged him from further responsibility. The receiver asks that the real property pay for his personal attorney employed to collect receiver's fee. We have recognized that a receiver may be reimbursed for attorney's fees under circumstances which are strictly controlled by statute. *Krist v. Aetna Cas. & Sur.*, 667 P.2d 665, 671 (Wyo.1983); and *see* 75 C.J.S. *Receivers* § 383 (1952). Here, the receiver seeks to recover a sum he expended for attorney's fees in order to collect a judgment in his favor, but which was not authorized by the district court or a statute. In view of our rule that each party in a lawsuit ordinarily bears his own attorney's fees and, in the absence of authority to the contrary, we hold the district court properly refused to award attorney's fees here. *See Sheridan Commercial Park, Inc. v. Briggs*, 848 P.2d 811, 817 (Wyo.1993).

The judgment of the district court is affirmed.

MACY, Justice, dissenting.

I dissent from that portion of the majority opinion which affirms the district court's award of an appraiser's fee in excess of the amount specifically provided by WYO.STAT. § 1–17–341 (1988).

I have a great amount of difficulty with this statement in the majority opinion: "By legislative silence, trial courts are left with the responsibility of approving fees for 'qualified appraisers' under the circumstances presented here." First of all, the majority did not cite any authority for this proposition because none exists. Secondly, the Legislature was not silent as it provided: *"Each appraiser ... shall receive three dollars ($3.00) per day and one dollar and fifty cents ($1.50) per half day for his services."* Section 1–17–341 (emphasis added). The majority opinion further states: "It is not logical to

---

2. Because the question is not posed, we need not determine whether that limit applies to disinterested property owners.

assume the legislature, in 1988, expected officials executing on real property to hire a professional appraiser for $3.00 per day." It is not for this Court to make such an assumption. We have stated so many times it needs no citation that, when a statute is clear and unambiguous, we will not look beyond the words in the statute to determine the Legislature's intent. If the Legislature does not expect appraisers of real property under WYO.STAT. §§ 1-17-301 to -345 (1988), whether qualified or not, to receive three dollars per day for their services, it should amend the statute to provide whatever fee it deems to be appropriate. It is not proper for this Court to legislate by judicial fiat. *KN Energy, Inc. v. City of Casper*, 755 P.2d 207, 216 (Wyo.1988).