**Kennis LUTZ, Marsha Lutz, Loren Lutz, and Marion Lutz d/b/a Elk Track Ranch and Sheriden Trails; and Elk Track Ranch, Inc., a Wyoming business corporation, Appellants (Defendants),**

v.

**Scott SCHMILLEN and Josephine Schmillen, Appellees (Plaintiffs).**

No. 95–80.

Supreme Court of Wyoming.

April 18, 1996.

Lawrence B. Hartnett, Jackson, for Appellants.

Andrew L. Breffeilh, Jackson, for Appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

THOMAS, Justice.

The only issue before the court in this case is whether the right of Kennis Lutz, Marsha Lutz, Loren Lutz, and Marion Lutz, d/b/a Elk Track Ranch and Sheriden Trails, and Elk Track Ranch, Inc. (collectively Lutz) to due process of law was infringed in connection with the confirmation of sale of real property pursuant to a court ordered execution. Lutz filed a Defendants' Objection to Sale of Property in which the improprieties asserted were that the expenses of an appraisal and expert witness fees from the trial of the case were included as costs of the execution and charged to Lutz; the failure of the sheriff to obtain an appraisal pursuant to Wyo.Stat. § 1–17–316 (1988), using instead an appraisal previously obtained and paid for by Scott and Josephine Schmillen (Schmillen); and the request by Schmillen for an order confirming sale. We hold Lutz was entitled to a hearing with respect to the costs of execution charged in connection with the sale. We find no error in reliance upon a prior appraisal for purposes of a public sale nor in granting the motion for the order confirming sale except with respect to the costs. We reverse and remand to the district court to hold the hearing impliedly required by the statute at which it can consider whether trial expenses charged to Schmillen were improperly included in the costs of execution.

In the Appellants' Brief, Lutz articulates the single issue as:

A. Did the trial court err by failing to hold an evidentiary hearing, as requested by appellants, to present evidence to the court, through the testimony of witnesses, that an execution sale of appellants' real property was not in conformance with the provisions of the Wyoming Code of Civil Procedure; namely, §§ 1–17–301 *et seq.*, in violation of appellants' right to due process of law.

In the Appellees' Brief, Schmillen does not state an issue but, instead, states these arguments:

A. The second appeal is rendered moot by the appellants [sic] redemption of the property.

B. The appellants failed to demonstrate appealable error.

C. The appellants failed to show that they were prejudiced by any alleged error.

D. Costs and penalties are appropriate.

The legal dispute between these parties is set forth in *Lutz v. Schmillen,* 899 P.2d 861 (Wyo.1995). The district court appointed a special master to wind up partnership affairs between the parties. To satisfy a judgment entered upon the report of the special master, real property belonging to Lutz was ordered sold at a public sale. The record discloses an appraisal of the subject property was made in the spring of 1994. That appraisal was ordered and paid for by Schmillen. The original public sale was postponed and ultimately held on November 10, 1994. Schmillen then moved for entry of an order confirming sale, and the sheriff submitted the Sheriff's Return and Report of Sale. These pleadings were both filed on November 10, 1994 and, on November 14, 1994, the district court issued an Order Concerning Motion to Confirm Sale, which required Lutz to file any response to the requested confirmation of sale within ten days.

Lutz did file a Defendants' Objection to Sale of Property on November 23, 1994, and Schmillen submitted a reply. Without the benefit of any hearing, the district court, on December 20, 1994, entered its Order Confirming Sale stating in part:

1. The sale of the real property seized in execution was in all respects regularly and fairly advertised, made and conducted in accordance with the Judgment and Order of Sale entered into in this case. The Defendants' objections thereto are specula-

tive, lacking in persuasive authority and wholly lacking in evidence.

The Lutz take their appeal from that order.

While the authority to charge the judgment debtor with the costs of execution in connection with the levy of execution upon real property is somewhat speculative, we have no question that this is the practice in Wyoming. WYO.STAT. § 1–17–316(c) (1988) provides:

> If upon the return it appears that two-thirds (⅔) of the appraised value of the judgment debtor's interest in the real estate levied upon is sufficient to satisfy the execution with costs, the judgment on which the execution is issued shall not operate as a lien on the residue of the debtor's estate to the prejudice of any other judgment creditor. Except as expressly authorized by law, no real estate shall be sold for less than two-thirds (⅔) of the appraised value of the judgment debtor's interest in the property.

This appears to be the statutory justification for charging costs against the judgment debtor.

We note from *Lutz*, 899 P.2d at 863, that the special master filed his final report on October 29, 1993, and the judgment was filed simultaneously. Other than the fees of the special master, the parties were required to bear their own costs. The Sheriff's Return and Report of Sale and canceled checks, all dated the same day of the sale, show Schmillen to have been paid $389,522.94, the amount of the judgment with interest and costs, plus $10,127.50 for reimbursement of fees paid to Hoffman & Associates Appraisers. The Hoffman fees were broken down as follows:

| Date | Amount | Description |
|---|---|---|
| 3–31–94 | $4,000.00 | Narrative appraisal: Elk Track Ranch, 35 miles northeast of Jackson, Wyoming; property of Elk Ranch, Inc. |
| 7–9–93 | $1,625.00 | Jackson Hole Dude Ranch preparation for court and court time @ $100 per hour: 16.25 hours for dates of 6–25–93 to 6–29–93 |
| 3–10–93 | $ 67.50 | Secretarial work, 7.5 hours @ $9.00 |
| 3–5–93 | $4,000.00 | Narrative appraisal: Jackson Hole Dude Ranch, Fish Creek Drainage, Teton County, WY; property of Scott and Josephine Schmillen |
| 1–13–93 | $ 210.00 | Snowmobile Rental 1 machine @ $105, 2 machine @ $105 (share 50–50 with Moeller Appraisal) |
| 1–13–93 | $ 75.00 | 3 Extra copies of the Appraisal @ $25 each |
| 11–12–92 | $ 150.00 | Darrel Hoffman, 1.5 hours @ $100 for Review of Preliminary Value Letter of Oct. 14, 1992, prepared by Charles R. Blazek: Elk Track Ranch, Teton County, WY; property of Kennis, Marsha, Loren and Marion Lutz |

It is clear from the breakdown that $6,127.50 of the Hoffman fee was attributed to dates prior to the filing of the final report by the special master and antedating the judgment of the court. Without more information, those charges appear to be related to the resolution of the lawsuit and did not attach as costs of execution.

Lutz contends the Fourteenth Amendment to the Constitution of the United States providing, " * * * nor shall any State deprive any person of life, liberty, or property, without due process of law * * *," and Article 1, Section 6 of the Constitution of the State of Wyoming providing, "[n]o person shall be deprived of life, liberty or property without due process of law" address the sale

of property upon execution. Lutz then contends the provisions of WYO.STAT. §§ 1–17–301 to –345 (1988) articulate the process that is due them under the law of the state of Wyoming. In particular, WYO.STAT. § 1–17–321 requires the court to find "that the sale was made in all respects in conformity with the code of civil procedure * * *." This court has held that, in the confirmation of the sale on mortgage foreclosure, objections to the sale and confirmation must be seasonable and specific. *Grieve v. Huber,* 41 Wyo. 168, 283 P. 1105, *reh'g denied,* 285 P. 788 (1930). Lutz satisfied this requirement.

We believe this court spoke with wisdom about such situations in *Barber v. Barber,* 349 P.2d 198, 201 (Wyo.1960):

> Even had the receivers acted within the limited scope of the court's order and sold the property to the highest and best bidders, it would have been necessary to permit a hearing upon defendant's protest. Plaintiff urges that the hearing on an application for confirmation is limited to the face of the proceedings, and we think this is correct, but even so, **all interested persons are entitled to be heard before a judicial sale is confirmed by final decree. The hearing, or an opportunity to be heard, is an essential element of due process of law.** In *L.C. Jones Trucking Co. v. Superior Oil Co.,* 68 Wyo. 384, 234 P.2d 802, **we noted that a party to be affected by a personal judgment must have his day in court or an opportunity to be heard.** In *Barrett v. Oakley,* 40 Wyo. 449, 278 P. 538, we said that where the principles of natural justice demand that rights not be affected without an opportunity to be heard, then, notwithstanding the silence of the statute, courts will not proceed to an adjudication without notice and hearing. In the present case, it would seem that defendant had actual notice and therefore the point is not pivotal, but the determination of the cause without a hearing is fatal. **We think a court abuses its discretion when it purports to determine matters which affect the substantial rights of litigants without providing an opportunity to be heard.** In a situation such as the one at bar, the hearing to be effective must be before confir-

mation and not afterward since ordinarily the confirmation of a judicial sale by a court of competent jurisdiction cures all irregularities in the proceedings leading up to or in the conduct of the sale, and courts are reluctant to disturb sales which have been confirmed. Here the proceedings on the face at the time of the court's order on May 20 raise a serious question as to the adherence by the receivers to the authority granted them by the court's appointment. Certainly such a matter could not be resolved by the court according to due process by an ex parte determination of any nature. (Emphasis added, footnotes omitted.)

*Barber* involved the sale of real property pursuant to the statutes relating to the appointment of receivers, now found in WYO. STAT. §§ 1–33–101 to –110 (1988). We are persuaded that, by analogy, that concept is applicable to execution sales and should be followed in this instance.

According to *Barber,* the standard we must apply in our review is to determine whether the district court committed an abuse of discretion. In *Boller v. Key Bank of Wyoming,* 829 P.2d 260, 266 (Wyo.1992) (quoting *Martinez v. State,* 611 P.2d 831, 838 (Wyo.1980)), we reiterated:

> A court does not abuse its discretion unless it acts in a manner which exceed the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.

When we invoke *Barber,* it is clear the district committed an error of law under the circumstances in confirming the sale without providing Lutz an opportunity to be heard after Lutz filed a timely objection.

■ The discrepancy with respect to the prejudgment charges by Hoffman & Associates Appraisers and the costs chargeable to the execution were reflected on the face of the Sheriff's Return and Report of Sale. A hearing in the district court is imperative to

determine whether all of those were properly charged to Lutz as costs of execution. We hold such a hearing must be conducted to resolve those discrepancies. The district court should conduct an evidentiary hearing and determine whether the amounts shown antedating the judgment are properly costs of execution attributable to Lutz. As a product of that hearing, we deem it important for the court to determine if Hoffman & Associates Appraisers, in fact, made a new appraisal for purposes of the execution or whether they simply relied upon their prior appraisal and assessed a new fee. The costs of execution could only include the expense of a new appraisal actually made.

■ Lutz also contends WYO.STAT. § 1–17–316(a) requires "[t]he officer who levies execution upon real property shall designate a qualified appraiser * * *," and an error occurred in the execution proceedings because Schmillen designated the appraiser. The pertinent full text of that statute is:

> The officer who levies execution upon real property shall designate a qualified appraiser * * * and administer to the appraiser * * * an oath to view and impartially appraise the value of the property levied upon or any interest of the judgment debtor. The appraiser * * * shall return to the officer as soon as possible a signed estimate of the appraised value.

WYO.STAT. § 1–17–316(a) (1988).

In addressing an irregularity in the confirmation of a sale by a sheriff, the Supreme Court of Oregon stated:

> ORS 23.490 favors the validity of the sheriff's sale. **Any irregularity must be substantial and of a degree sufficient to cause "probable" loss or injury to the objecting party** before the court should be required to deny confirmation of the sheriff's sale.
> " * * * If the proceedings all appear to be fair, if no undue advantages have

been taken, if the prices realized are not disproportionate to the value of the property sold, then the sale cannot be avoided, except for irregularities of the gravest character. * * *

> " * * * *.

> "The sale may be vacated for oppression, or fraud * * *."

*Stafford v. Adams*, 274 Or. 683, 548 P.2d 496, 499 (1976) (emphasis added).

Lutz does not contend Hoffman was not designated with the approval of the sheriff, nor does Lutz establish any prejudice by the nomination and utilization of Hoffman to appraise.[1] Lutz does not even assert the proceedings resulted in oppression, collusion, incompetency, erroneous appraisal, or any " 'probable' loss or injury." We hold there was no impropriety or harm from utilizing Hoffman as the appraiser in connection with execution.

■ Lutz also briefly questions the propriety of a motion by Schmillen for an order to confirm the sheriff's sale, arguing "the judgment creditor, not the sheriff, moved the district court for an order confirming the sale rather than the sheriff, and while this may be a local custom, * * *." "A sale of real estate may be confirmed at any time after the sheriff has made his return of the execution or order of sale, and **on the motion of any person interested therein,** or on the court's own motion, and with or without the consent of the sheriff * * *." *Payne v. Long–Bell Lumber Co.*, 9 Okla. 683, 60 P. 235, 236 (1900). Schmillen was an interested person in this action as the judgment creditor. The district court did not abuse its discretion when it granted the motion submitted by Schmillen.

We hold Lutz was denied due process of law when the district court, without the bene-

---

1. We have recently said:

It is not logical to assume the legislature, in 1988, expected officials executing on real property to hire a professional appraiser for $3.00 per day [provided in WYO.STAT. § 1–17–341 (1988)]. By legislative silence, trial courts are left with the responsibility of approving fees for "qualified appraisers" under the circumstances presented here. In similar contexts a **"reasonable" fee is the standard.** The reasonableness of this appraiser's fee is unchallenged. *TZ Land & Cattle Co., Inc. v. Grieve*, 887 P.2d 511, 514 (Wyo.1994) (citations omitted, emphasis added).

fit of a hearing, denied the Defendants' Objection to Sale of Property. We reverse and remand this case for a determination, after hearing, of the correct amount of costs of execution chargeable to Lutz. This ruling renders moot Schmillen's request for costs and penalties in connection with this appeal.